UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff<br><br>V.<br><br>MELCHOR MARTINEZ, MELISSA CHLEBOWSKI, JORGE ACOSTA, NANCY SEIER, PATRICIA EROH, LEHIGH VALLEY COMMUNITY MENTAL CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., MM CONSULTANTS, LLC and MCM BETHLEHEM PROPERTY, LLC<br>　　　　Defendants | : CIVIL ACTION NO. 11-2756 (LFS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

IT IS, on this _____day of _____, 2016,

IN CONSIDERATION of Defendant Jorge Acosta, Nancy Seier and Patricia Eroh's Motion to Dismiss, and any response thereto, and for good cause shown, it is ORDERED AND DECREED, that the Motion is GRANTED with prejudice and that Jorge Acosta, Nancy Seier and Patricia Eroh are dismissed from the Complaint.

BY THE COURT:

_____
U.S.D.J

PENGLASE & BENSON, INC.
John S. Benson, Esquire
PA. I.D. No. 83550
110 North Main Street
Doylestown, PA 18901
(215) 348-4416
Jbenson@penglaseandbenson.com

Attorneys for Defendants Jorge Acosta, Nancy Seier, and Patricia Eroh

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff | : CIVIL ACTION NO. 11-2756 (LFS) |
| | : |
| V. | : |
| | : |
| MELCHOR MARTINEZ, MELISSA : | |
| CHLEBOWSKI, JORGE ACOSTA, NANCY | : **MOTION TO DISMISS** |
| SEIER, PATRICIA EROH, LEHIGH VALLEY | : Fed. R. Civ. P. 12(b)(6) |
| COMMUNITY MENTAL CENTERS, INC., : | |
| NORTHEAST COMMUNITY MENTAL : | |
| HEALTH CENTERS, INC., CAROLINA : | |
| COMMUNITY MENTAL HEALTH : | |
| CENTERS, INC., MM CONSULTANTS, LLC : | |
| and MCM BETHLEHEM PROPERTY, LLC : | |
| Defendants | |

### DEFENDANT JORGE ACOSTA, NANCY SEIER AND PATRICIA EROH'S MOTION TO DISMISS UNDER RULE 12(B) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**Relief Sought**

Defendants, Jorge Acosta, Nancy Seier and Patricia Eroh moves to dismiss Counts of this action or the claim for money damages under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Grounds for Motion**

1. The grounds for the motion are that, even if the allegations in the Complaint are true,

Counts I, IV, VI, VII, VIII, and XI of this action or the claim for money damages fails to state a claim on which relief may be granted as to the defendants Jorge Acosta, Nancy Seier and Patricia Eroh.

**Count I**

2. Count I alleges liability on the part of Jorge Acosta, Nancy Seier and Patricia Eroh because Defendant Martinez allegedly choose to participate in the management of the clinics.

3. No evidence is offered in the Complaint to show that the defendants Acosta, Seier or Eroh did anything to encourage Martinez actions or to cover up these actions.

4. The Complaint fails to state any evidence to show that the defendants Acosta, Seier, and Eroh knowingly concealed Martinez actions or made any false claims to the government regarding his participation.

5. The Complaint fails to allege any evidence to show defendants Acosta, Seier or Eroh had a duty to report Martinez's involvement

6. The Complaint fails to allege any evidence that defendants Acosta, Seier or Eroh knew of Martinez involvement other than to have seen him on occasion.

7. The Complaint merely makes bald allegations that defendants Acosta, Seier and Eroh had knowledge of Martinez actions by asserting that they were around him and therefore must have known what Martinez was doing.

8. Taking all allegations to be true the Plaintiff is accusing the defendants of wrong doing simply because they were around the defendant Martinez.

9. The exhibits attached to the Complaint do not evidence any wrongdoing on the part of

Acosta, Seier or Eroh. One exhibit just shows that they were carbon copied on an email, another shows that Seier sent some information to Martinez but does not establish any response by Martinez or wrong doing in sending the email.

**Count IV**

10. Count IV alleges that defendant Eroh submitted false claims but fails to establish proof that Eroh submitted anything, let alone anything that was improper or false.

11. The Complaint merely alleges that Eroh submitted false claim. No specific examples, specific dates or specific patients are provided.

12. The Complaint fails to show that the defendant had information that they knew to be false and knowingly submitted the documentation with the intent that it be accepted.

13. Plaintiff fails to provide copies of documents showing that the defendants had signed, sent or caused to be sent claim information that was false or misleading.

14. Plaintiff fails to allege any damages were actually caused and fails to present any evidence as to how the damages alleged were determined.

15. The Complaint merely alleges that since Martinez was participating in the company and had been previously barred from participating in the company, that Eroh must have been submitting false claims.

**Count VI**

16. The Plaintiff fails to allege any facts to show that defendants Acosta, Seier or Eroh submitted any claims to the Pa Medicaid program or Medicare.

17. Again, the Plaintiff only alleges that since Martinez had been previously barred from participation in the program and because the defendants were employed at the facilities, that they must have assisted in the alleged fraudulent scheme.

18. Defendants Acosta and Seier do not have any responsibilities as it pertains to the submission of claims nor is there proof that they submitted any claims at all.

19. Plaintiff fails to allege any specific facts, provide any documents, list any dates or attach copies of the defendant's signatures to any document for the purpose of establishing their claim.

20. Plaintiff must show that information was provided to defendants Acosta, Seier or Eroh; that Acosta, Seier or Eroh knew the information to be false; and that the false information was sent by them with the intent that it be relied upon.

21. Plaintiff is accusing defendants of wrong doing just because of their mere presence.

## Count VII

22. Plaintiff fails to allege any specific facts to show that Defendant Eroh submitted any false claims.

23. Plaintiff fails to provide documented support for their claim that defendant Eroh knowingly submitted false claims.

24. Plaintiff accuses defendants Acosta, Seier and Eroh of knowingly submitting false claims without any facts to show said knowledge.

25. Defendants Acosta and Seier do not have any responsibilities for billing and therefore could not have submitted false claims.

26. Plaintiff fails to provide any support that a psychiatrist failed to provide a service or failed to be in the building when therapy was given; no dates are given, no names of the therapists are provided.

## Count VIII

27. Plaintiff fails to offer any evidence to show that defendants did not alert government

agencies to the failure to have a psychiatrist on the premises during previous treatment sessions.

28. Plaintiff does not offer any dates or documentation to support their claim.

29. Plaintiff does not provide any proof that defendant Eroh personally submit or caused to be submitted a false claim.

30. Plaintiff fails to allege one fact to show that defendant Eroh did anything improper.

31. Defendants Acosta and Seier have no responsibility for billing and therefore could not provide false claims.

32. Defendants Acosta and Seier had no duty to Medicare, Medicaid or any other programs.

33. The Count of Fraud is centered around the defendant corporations failure to pay back or report over payments. No facts exist to show the defendants had any role in the alleged over payments or failure to advise Medicare and Medicaid of same.

**Count XI**

34. Plaintiff files a "catch all" claim that all of the defendants filed or permitted the filing of false claims without proof that the defendants had any knowledge that false claims had been submitted.

35. Plaintiff cannot name one instance, date, time or claim form to show that defendants Acosta, Seier or Eroh knowingly submitted a false claim, had knowledge that the business was acting in an improper way, or had knowledge that any other named defendant was acting improperly.

36. Plaintiff makes an unsupported statement that the defendant corporations had

received monies in the past that they were not entitled to then bootstraps that theory to allege not only that the corporations had done this a second time but the defendants Acosta, Seier and Eroh had a role in the action.

    WHEREFORE defendants Jorge Acosta, Nancy Seier and Patricia Eroh respectfully requests this Honorable Court to dismiss the Complaint as to them with prejudice.

Respectfully submitted,

PENGLASE & BENSON, INC.

BY: _____
John S. Benson, Esquire
110 North Main Street
Doylestown, PA 18901
215-348-4416
Attorneys for Defendants Jorge Acosta,
Nancy Seier, and Patricia Eroh

Date: 2-17-16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
    Plaintiff

: CIVIL ACTION NO. 11-2756 (LFS)

V.

MELCHOR MARTINEZ, MELISSA CHLEBOWSKI, JORGE ACOSTA, NANCY SEIER, PATRICIA EROH, LEHIGH VALLEY COMMUNITY MENTAL CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., MM CONSULTANTS, LLC and MCM BETHLEHEM PROPERTY, LLC
    Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served plaintiff's counsel with a true copy of Plaintiff's Motion to Dismiss for Failure to State A Claim and Brief in Support thereof via electronic filing to the following counsel of record:

Zane David Memeger
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Dated: 2-17-16

_____
John S. Benson, Esquire

PENGLASE & BENSON, INC.
John S. Benson, Esquire
PA. I.D. No. 83550
110 North Main Street
Doylestown, PA 18901
(215) 348-4416
Jbenson@penglaseandbenson.com

Attorneys for Defendants Jorge Acosta, Nancy Seier, and Patricia Eroh

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | : CIVIL ACTION NO. 11-2756 (LFS) |
| V. | |
| MELCHOR MARTINEZ, MELISSA<br>CHLEBOWSKI, JORGE ACOSTA, NANCY<br>SEIER, PATRICIA EROH, LEHIGH VALLEY<br>COMMUNITY MENTAL CENTERS, INC.,<br>NORTHEAST COMMUNITY MENTAL<br>HEALTH CENTERS, INC., CAROLINA<br>COMMUNITY MENTAL HEALTH<br>CENTERS, INC., MM CONSULTANTS, LLC<br>and MCM BETHLEHEM PROPERTY, LLC<br>Defendants | : **MOTION TO DISMISS**<br>: Fed. R. Civ. P. 12(b)(6) |

## DEFENDANT JORGE ACOSTA, NANCY SEIER AND PATRICIA EROH'S BRIEF IN SUPPORT OF MOTION TO DISMISS

**I.    Facts:**

Defendants Lehigh Valley Community Mental Centers, Northeast Community Mental Centers, Inc and Carolina Community Mental Health Centers, Inc. employ therapist who give mental health treatment to the public. Defendants Jorge Acosta, Nancy Seier and Patricia Eroh are three employees out of numerous employees of these companies. Jorge Acosta is responsible for training employees. Nancy Seier was the head of human resources and Patricia Eroh works in the billing department. More importantly Jorge Acosta is a personal friend of the defendant

Melchor Martinez; Nancy Seier is the former administrative assistant to defendants Melissa Chlebowski; Patricia Eroh is the mother of defendant Melissa Martinez.

In 2000 the defendant Melchor Martinez was convicted of fraud by the Commonwealth of Pennsylvania for billing for services not rendered and falsification of records. As such he was excluded from participation in Medicare and Medicaid funded programs for 10 years. Defendant Melissa Martinez is the owner of defendant Lehigh Valley Community Mental Centers, Northeast Community Mental Centers, Inc and Carolina Community Mental Health Centers, Inc. She is sometimes visited by defendant Melchor Martinez at these centers for non work related matters.

II. **ISSUE: Should a Motion to Dismiss be granted where the Plaintiff has failed to show any liability on the part of defendants Acosta, Seier or Eroh?**
**SUGGESTED ANSWER: Yes.**

In determining whether to grant a Federal Rule 12(b)(6) motion, district courts primarily consider the allegations in the Complaint. The Court may consider documents attached to or submitted with the complaint without converting the motion to one for summary judgment. Pryor v. National Collegiate Athletic Association, C.A. 3d, 2002, 288 F.3d 548.

Plaintiff's Complaint, when read in its totality sets out a case for liability on the parts of defendants Melchor Martinez, Melissa Martinez and corporate entities Lehigh Valley Community Mental Centers, Northeast Community Mental Centers, Inc and Carolina Community Mental Health Centers, Inc. From the captions used to the facts presented, the entire complaint is designed to show the alleged fraud and deceit of these primary defendants who would have benefitted by any fraudulent acts on the part of themselves and their employees.

Mentioned in passing in only a handful of paragraphs out of a 363 paragraph complaint are three individuals who were or are employed by the primary defendants.

While the Plaintiff goes to great lengths to document their case against the primary defendants Martinez, Martinez and Lehigh Valley Community Mental Centers, Northeast Community Mental Centers, Inc and Carolina Community Mental Health Centers, Inc. Plaintiff has done nothing more than make unsubstantiated allegations. Towards Acosta, Seier and Eroh. Not once in the complaint does the Plaintiff offer any dates, state any names of patients whose application for benefits were submitted to Medicare or Medicaid, or support any allegation with evidence to show that the defendants Acosta, Seier or Eroh did anything wrong. Had these individuals submitted false claims as alleged it would be easy to offer copies of the submitted documents to show that they had been signed, contained false information, and knowingly submitted by these defendants.

Plaintiff alleges that patients had treatment sessions shorter than minimum allowable time periods, or saw therapist who could not speak Spanish. However, plaintiff does not list any dates, list any patients, provide any witnesses to corroborate these bald accusations. Plaintiff alleges that employees and therapists were recruited from the Dominican Republic and trained or supervised by the defendants but fails to name a single person or provide information as to how this was specifically fraudulent. Plaintiff alleges that defendant Seier carried out Melchor Martinez orders but does not state what those orders were, when they were issued, or that Seier knew such orders to be improper. Plaintiff alleges that Eroh supervised claims submitted while Melchor Martinez was excluded from the corporations but fails to state any facts to show that Eroh knew this to be fraudulent or that she was aware of particular false representations made in the billing. Plaintiff alleges that Seier and Acosta told employees to conceal Melchor Martinez

involvement but fails to list who these employees were, when the statements were made or whether the defendants knew this practice to be deceptive. The plaintiff alleges that some psychiatrist saw over 100 patients per day but fail to state when this happened, present proof that they only saw the patient for 2-3 minutes. Even if that were to be believed there is no evidence that the defendants Acosta, Seier or Eroh knew these facts. Furthermore, if the psychiatrists were seeing that many patients and submitting billing forms, how is it that they were not sued instead of the people who received the submitted bills after the fact? The defendants were previously deposed and yet no proof or reference to their recorded testimony is offered in the complaint to show knowledge or wrong doing. While it is conceivable that the Plaintiff will offer later proof, they must at least show how the defendants are liable, other than to give an unsupported allegation that they are.

    The defendants Lehigh Valley Community Mental Centers, Northeast Community Mental Centers, Inc and Carolina Community Mental Health Centers, Inc. employ dozens of people. These employees work with patients, assist in training, human resources and billing. It is curious that the Plaintiff did not sue these other employees. Had there been fraud, it is likely that many more of the employees would have known of or participated in the fraud yet no one is named as an additional defendant or as a witness to substantiate the allegations. The reason for this is because Plaintiff's suit against defendants Acosta, Seier and Eroh was filed for the sole purpose of creating leverage against them so that they would be willing to offer some form of testimony against the other defendants. They are pawns to be used against a larger target. It is for this reason that Plaintiff cannot offer specific information or show fraudulent activity on the part of Acosta, Seier and Eroh. Defendants Acosta, Seier and Eroh cannot profit and do not profit from the alleged fraudulent scheme. Plaintiff has not offered any proof that they profited. As

such we again must ask why would they be involved? What would be their motive to act fraudulently? Again the reason is that they are not liable under an actionable claim. To have an actionable claim the plaintiff must show that a false statement was submitted, by the defendants or with their knowledge, to a third party, with the intent that the false statement be relied upon. The plaintiff does not allege any particular statements, issued on any particular dates, which contain any information to show that the defendants submitted the statements or had knowledge of the statements. The fact that they were employed by the corporate defendants or were either friends of or professionally close to the defendants Melchor and Melissa Martinez does not make them liable for the acts of others. As such this suit is a sham as to the defendants Acosta, Seier and Eroh and they must be dismissed.

WHEREFORE, the defendants Jorge Acosta, Nancy Seier and Patricia Eroh respectfully request that the Complaint be dismissed as to them with prejudice.

Respectfully submitted,

PENGLASE& BENSON, INC.

BY: _____
John S. Benson, Esquire
110 North Main Street
Doylestown, PA 18901
215-348-4416
Attorneys for Defendants Jorge Acosta,
Nancy Seier, and Patricia Eroh

Date: 2-17-16