# PashmanStein

**Aidan P. O'Connor**
aoconnor@pashmanstein.com
Direct:   201-270-4940
Mobile:   973-842-1608

March 7, 2016

Clerk's Office
U.S. District Court, E.D. of Pa.
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re:  **USA v. Martinez**, Civil Action No. 11-2756 (E.D. Pa.)
      *Our File No. 1532-001*

Dear Sir or Madam:

We submit for filing Defendants Melchor Martinez's and MM Consultants, LLC's Answer to the United States Complaint in Intervention. We will also send you a copy, by overnight mail, a disc containing the Answer for electronic filing.

Should you have any questions, please do not hesitate to contact me.  Thank you.

Yours truly,

AIDAN P. O'CONNOR

Enclosures

cc:   counsel of record (via email and U.S. Mail)
      Mr. Melchor Martinez

Pashman Stein, PC
21 Main Street, Suite 200
Hackensack, NJ 07601

Telephone:  201.488.8200
Facsimile:   201.488.5556
www.pashmanstein.com

PASHMAN STEIN, P.C.
21 Main Street, Suite 200
Hackensack, New Jersey 07601
201-488-8200

*Attorneys for Defendant Melchor Martinez*
*& MM Consultants LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>MELCHOR MARTINEZ, MELISSA CHLEBOWSKI, JORGE ACOSTA, NANCY SEIER, PATRICIA EROH, LEHIGH VALLEY COMMUNITY MENTAL CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., MM CONSULTANTS, LLC, and MCM BETHLEHEM PROPERTY, LLC,<br><br>       Defendants.<br><br>UNITED STATES OF AMERICA and STATE OF NORTH CAROLINA, ex rel. KAREN SMITH,<br><br>       Plaintiffs,<br><br>v.<br><br>CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., and LEHIGH VALLEY COMMUNITY MENTAL HEALTH CENTERS, INC.,<br><br>       Defendants. | Civil Action No. 11-2756 (LFS)<br><br><br>ANSWER OF<br>MELCHOR MARITNEZ AND<br>MM CONSULTANTS, LLC TO<br>THE UNITED STATES COMPLAINT<br>IN INTERVENTION |

Defendant Melchor Martinez ("Defendant Martinez") and Defendant MM Consultants, LLC, (collectively "the Martinez Defendants") answer the Government's Complaint in Intervention as follows:

## Introduction

1.      The Martinez Defendants admit the allegations contained in paragraph 1 of the United States Complaint in Intervention, except that they aver that the Carolina clinic in Raleigh, North Carolina is no longer in operation.

2.      The Martinez Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the United States Complaint in Intervention.

3.      The Martinez Defendants admit the allegations contained in paragraph 3 of the United States Complaint in Intervention.

4.      The Martinez Defendants admit the allegations contained in paragraph 4 of the United States Complaint in Intervention, except that they deny that the length of Defendant Martinez's exclusion was a minimum of 10 years.

5.      The Martinez Defendants admit the allegations contained in paragraph 5 of the United States Complaint in Intervention, and aver that Defendant Martinez transferred his stock ownership to Defendant Melissa Chlebowksi ("Chlebowski") under the terms of an agreement with the State of Pennsylvania.

6.      The Martinez Defendants deny the allegations contained in paragraph 6 of the United States Complaint in Intervention.

7.    The Martinez Defendants deny the allegations contained in paragraph 7 of the United States Complaint in Intervention.

8.    The Martinez Defendants deny the allegations contained in paragraph 8 of the United States Complaint in Intervention.

9.    Upon information and belief, the Martinez Defendants deny the allegations contained in paragraph 9 of the United States Complaint in Intervention.

10.    The Martinez Defendants deny the allegations contained in paragraph 10 of the United States Complaint in Intervention.

11.    The Martinez Defendants deny that Defendant Martinez personally took home any income from Medicare and Medicaid and admit that Chlebowski received income and/or profits from the clinics.

12.    The Martinez Defendants deny that Defendant Martinez was managing the clinics with Chlebowski after 2000. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 12 of the United States Complaint in Intervention and, on that basis, deny the allegations.

13.    The Martinez Defendants deny that, after 2000, Defendant Martinez gave Nancy Seier and Jorge Acosta orders or that he was the leader of the clinics.

14.    The Martinez Defendants deny that Defendant Martinez perpetuated fraud upon Medicare and Medicaid or that Defendant Martinez was improperly involved with the clinics after 2000.

15.    The Martinez Defendants deny the allegations contained in paragraph 15 of the United States Complaint in Intervention as they pertain to the Martinez

3

Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the United States Complaint in Intervention and, on that basis, deny the allegations.

16.     The Martinez Defendants deny that Defendant Martinez arranged for the psychiatrists to see a high volume of patients. As to the remainder of the allegations in paragraph 16 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the those allegations and, on that basis, deny the allegations.

17.     The Martinez Defendants deny the allegations contained in paragraph 17 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the United States Complaint in Intervention and, on that basis, deny the allegations.

18.     The Martinez Defendants deny the allegations contained in paragraph 18 of the United States Complaint in Intervention.

19.     The Martinez Defendants deny that Defendant Martinez submitted claims to Medicare for psychotherapy provided by unsupervised individuals who were not qualified to independently treat Medicare patients. As to the remainder of the allegations in paragraph 19 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the those allegations and, on that basis, deny the allegations.

20. Paragraph 20 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

21. Paragraph 21 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

22. Paragraph 22 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

23. Paragraph 23 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

24. The Martinez Defendants admit the allegations contained in paragraph 24 of the United States Complaint in Intervention.

25. Upon information and belief, the Martinez Defendants admit the allegations contained in paragraph 25 of the United States Complaint in Intervention.

26. Upon information and belief, the Martinez Defendants admit the allegations contained in paragraph 26 of the United States Complaint in Intervention.

27. Upon information and belief, the Martinez Defendants admit the allegations contained in paragraph 27 of the United States Complaint in Intervention, except that they aver that the Carolina clinic in Raleigh, North Carolina is no longer in operation.

28. The Martinez Defendants admit the allegations contained in paragraph 28 of the United States Complaint in Intervention.

29. The Martinez Defendants admit that Defendant Martinez became aware in 1993 that PAMM was under investigation and that he founded Lehigh Valley in or about 1996.

30. The Martinez Defendants admit that Lehigh Valley initially had one site in Bethlehem. The Martinez Defendants admit that Defendant Martinez, or an entity owned by Defendant Martinez, owned the Bethlehem property until 2013. The Martinez Defendants admit that Defendant Martinez or an entity he owned sold the Bethlehem property in 2013 to MCM Bethlehem Property, LLC, and entity owned by Chlebowski. The Martinez Defendants admit opening the 6th Street clinic site. The Martinez Defendants deny the remainder of the allegations of paragraph 30 of the United States Complaint in Intervention.

31. The Martinez Defendants admit the allegations contained in paragraph 31 of the United States Complaint in Intervention, and further aver that the State of Pennsylvania approved the transfers.

32. The Martinez Defendants deny the allegations contained in paragraph 32 of the United States Complaint in Intervention.

33. The Martinez Defendants deny the allegations contained in paragraph 33 of the United States Complaint in Intervention.

34. The Martinez Defendants deny that Defendant Martinez opened or expanded additional Lehigh Valley sites since 2000.

35. The Martinez Defendants deny the allegations contained in paragraph 35 of the United States Complaint in Intervention.

36. The Martinez Defendants admit the allegations contained in paragraph 36 of the United States Complaint in Intervention.

37. The Martinez Defendants admit the allegations contained in paragraph 37 of the United States Complaint in Intervention.

38.     The Martinez Defendants deny that Defendant Martinez was involved in setting up the Carolina clinic. The Martinez Defendants admit that Chlebowski was an employee at PAMM between 1994 and 1999. The Martinez Defendants admit that Chlebowski incorporated Northeast in 1998. The Martinez Defendants admit that Chlebowski helped open Lehigh Valley in 1996. The Martinez Defendants admit that Chlebowski has been involved with Lehigh Valley and Northeast since their inception.

39.     The Martinez Defendants deny the allegations in paragraph 39 of the United States Complaint in Intervention, except they admit that Defendant Martinez owns MM Consultants, that Defendant Martinez formed MM Consultants on December 14, 2007, and that MM Consultants' registered address is Defendant Martinez's and Chlebowski's home address.

40.     The Martinez Defendants deny that Defendant Martinez had an ownership interest in the "Baby" clinic property in Northeast.

41.     The Martinez Defendants admit that, in 2010, MM Consultants purchased the 7th Street clinic property that was leased to Lehigh Valley.

42.     The Martinez Defendants deny the allegations in paragraph 42 of the United States Complaint in Intervention, except they admit that MM Consultants purchased a former church and its parking lot across the street from the Bethlehem clinic in 2013 and that MM Consultants leases the parking lot to Lehigh Valley.

43.     The Martinez Defendants admit that MCM Bethlehem Property is a Pennsylvania entity formed by Chlebowski. As to the remainder of the allegations in paragraph 43 of the United States Complaint in Intervention, the Martinez Defendants

are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

44.     The Martinez Defendants deny the allegations in paragraph 44 of the United States Complaint in Intervention, except they admit that, in October 2013, Defendant Martinez sold 865 East 4th Street in Bethlehem to MCM Bethlehem and that, upon information and belief, MCM Bethlehem had rented the property to Lehigh Valley for $8,000 a month.

45.     The Martinez Defendants deny the allegations in paragraph 45 of the United States Complaint in Intervention, except they admit, upon information and belief, that Jorge Acosta is a resident of Allentown, PA and that he was in charge of education at the clinics.

46.     The Martinez Defendants deny that Defendant Martinez brought Acosta from the Dominican Republic to work in the clinics headquarters. As to the remainder of the allegations in paragraph 46 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

47.     The Martinez Defendants deny the allegations contained in paragraph 47 of the United States Complaint in Intervention.

48.     The Martinez Defendants deny the allegations contained in paragraph 48 of the United States Complaint in Intervention.

49.     Upon information and belief, the Martinez Defendants admit that Nancy Seier was the human resources director of the clinics. As to the remainder of the allegations in paragraph 49 of the United States Complaint in Intervention, the Martinez

Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

50.     The Martinez Defendants deny the allegations contained in paragraph 50 of the United States Complaint in Intervention.

51.     The Martinez Defendants deny the allegations contained in paragraph 51 of the United States Complaint in Intervention.

52.     The Martinez Defendants admit that Patricia Eroh ("Eroh") is the mother of Chlebowski and the mother-in-law of Defendant Martinez and that Eroh is a resident of Allentown, PA.  As to the remainder of the allegations in paragraph 52 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

53.     The Martinez Defendants deny that Defendant Martinez was managing the clinics during his exclusion.  As to the remainder of the allegations in paragraph 53 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

54.     The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of the United States Complaint in Intervention and, on that basis, deny the allegations.

55.     Paragraph 55 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

56.     Paragraph 56 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

57.     Paragraph 57 of the United States Complaint in Intervention is a legal conclusion to which no response is required.

58.     For the period of time prior to 2000, the Martinez Defendants admit the allegations of paragraph 58 of the United State Complaint in Intervention. After 2000, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations of paragraph 58 of the United States Complaint in Intervention and, on that basis, deny the allegations.

59.     Paragraph 59 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

60.     Paragraph 60 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

61.     Paragraph 61 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

62.     Paragraph 62 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the

Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

63.     Paragraph 63 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

64.     Paragraph 64 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

65.     Paragraph 65 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

66.     Paragraph 66 of the United States Complaint in Intervention is a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

67.     The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67 of the United States Complaint in Intervention and, on that basis, deny the allegations.

68.     The Martinez Defendants admit that the Easton and Bethlehem clinic sites of Lehigh Valley are in Northampton County and that the Allentown clinic sites of Lehigh

Valley are in Lehigh County. As to the remainder of the allegations of paragraph 68 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

69. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69 of the United States Complaint in Intervention and, on that basis, deny the allegations.

70. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 70 of the United States Complaint in Intervention and, on that basis, deny the allegations.

71. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the United States Complaint in Intervention and, on that basis, deny the allegations.

72. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the United States Complaint in Intervention and, on that basis, deny the allegations.

73. Paragraph 73 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

74. Paragraph 74 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

75. The allegations in paragraph 75 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The

12

Martinez Defendants deny the allegations in paragraph 75 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

76.     The allegations in paragraph 76 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations in paragraph 76 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

77.     The allegations in paragraph 77 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations in paragraph 77 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

78.     The allegations in paragraph 78 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations in paragraph 78 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

79.     Paragraph 79 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

80.     Paragraph 80 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

81.     Paragraph 81 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

82.     Paragraph 82 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

83.     Paragraph 83 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

84.     Paragraph 84 of the United States Complaint in Intervention states a legal conclusion to which no response is required. To the extent facts are alleged, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

85.     Paragraph 85 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

86.     Paragraph 86 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

87.     Paragraph 87 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

88.     The Martinez Defendants admit the allegations in paragraph 88 of the United States Complaint in Intervention, except that they deny that Defendant Martinez has not paid restitution or the fine.

89.     The allegations in paragraph 89 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations of paragraph 89 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

90.     The allegations in paragraph 90 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations of paragraph 90 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

91.    The allegations in paragraph 91 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations of paragraph 91 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

92.    The allegations in paragraph 92 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny the allegations of paragraph 92 of the United States Complaint in Intervention to the extent they are inconsistent with that document.

93.    The Martinez Defendants admit that Defendant Martinez applied to HHS for reinstatement on November 30, 2010 and that his application has not been acted upon. The remaining allegations in paragraph 93 of the United States Complaint in Intervention purport to characterize a written document, which speaks for itself. The Martinez Defendants deny those allegations to the extent they are inconsistent with that document.

94.    The Martinez Defendants admit that Defendant Martinez has been, and continues to be, excluded from participation in federally funded Medicaid and Medicare programs since January 10, 2000. As to the remaining allegations in paragraph 94 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

95.    The Martinez Defendants deny the allegations in paragraph 95 of the United States Complaint in Intervention.

96.    The Martinez Defendants deny the allegations in paragraph 96 of the United States Complaint in Intervention.

97.    The Martinez Defendants admit that on certain occasions Defendant Martinez was present at the clinics in Allentown.

98.    The Martinez Defendants deny that Defendant Martinez violated his exclusion.

99.    The Martinez Defendants deny that Defendant Martinez violated his exclusion by becoming improperly involved with the clinics.  As to the remaining allegations in paragraph 99 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

100.    The Martinez Defendants deny that Defendant Martinez managed the clinics and conducted the clinics' business after 2000.  As to the remaining allegations in paragraph 100 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

101.    The Martinez Defendants deny that Defendant Martinez engaged in efforts to grow Northeast and Lehigh Valley after 2000.  As to the remaining allegations in paragraph 101 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

102.    The Martinez Defendants deny the allegations in paragraph 102 of the United States Complaint in Intervention.

103. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 of the United States Complaint in Intervention and, on that basis, deny the allegations.

104. The Martinez Defendants deny the allegations in paragraph 104 of the United States Complaint in Intervention, except they admit that, as property owners, the Martinez Defendants leased real property to the clinics.

105. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 105 of the United States Complaint in Intervention and, on that basis, deny the allegations.

106. The Martinez Defendants deny the allegations in paragraph 106 of the United States Complaint in Intervention, except to admit that Chlebowski received income from the clinics to which she was entitled.

107. The Martinez Defendants deny the allegations in paragraph 107 of the United States Complaint in Intervention.

108. The Martinez Defendants deny the allegations in paragraph 108 of the United States Complaint in Intervention, except they admit that Chlebowski has been the CEO and owner of the clinics' corporate stock since 1999.

109. The Martinez Defendants deny the allegations in paragraph 109 of the United States Complaint in Intervention.

110. The Martinez Defendants deny the allegations in paragraph 110 of the United States Complaint in Intervention.

111. The Martinez Defendants deny the allegations in paragraph 111 of the United States Complaint in Intervention.

112. The Martinez Defendants deny the allegations in paragraph 112 of the United States Complaint in Intervention.

113. The Martinez Defendants deny the allegations in paragraph 113 of the United States Complaint in Intervention.

114. The Martinez Defendants deny the allegations in paragraph 114 of the United States Complaint in Intervention.

115. The Martinez Defendants deny the allegations in paragraph 115 of the United States Complaint in Intervention.

116. The Martinez Defendants deny the allegations in paragraph 116 of the United States Complaint in Intervention.

117. The Martinez Defendants deny the allegations in paragraph 117 of the United States Complaint in Intervention.

118. The Martinez Defendants deny the allegations in paragraph 118 of the United States Complaint in Intervention.

119. The Martinez Defendants deny the allegations in paragraph 119 of the United States Complaint in Intervention.

120. The Martinez Defendants deny the allegations in paragraph 120 of the United States Complaint in Intervention.

121. The Martinez Defendants deny the allegations in paragraph 121 of the United States Complaint in Intervention.

122. The Martinez Defendants deny the allegations in paragraph 122 of the United States Complaint in Intervention.

123. The Martinez Defendants deny the allegations in paragraph 123 of the United States Complaint in Intervention.

124. The Martinez Defendants deny the allegations in paragraph 124 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

125. The Martinez Defendants deny the allegations in paragraph 125 of the United States Complaint in Intervention.

126. The Martinez Defendants deny the allegations in paragraph 126 of the United States Complaint in Intervention.

127. The Martinez Defendants deny that Defendant Martinez worked in the clinics, that managed or supervised the Carolina clinic, and that he recruited therapists for the clinics. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding how expenses were paid and, on that basis, deny the allegations.

128. The Martinez Defendants deny the allegations in paragraph 128 of the United States Complaint in Intervention.

129. The Martinez Defendants deny the allegations in paragraph 129 of the United States Complaint in Intervention.

130. The Martinez Defendants deny the allegations in paragraph 130 of the United States Complaint in Intervention.

131. The Martinez Defendants deny the allegations in paragraph 131 of the United States Complaint in Intervention.

132. The Martinez Defendants deny the allegations in paragraph 132 of the United States Complaint in Intervention.

133. The Martinez Defendants deny the allegations in paragraph 133 of the United States Complaint in Intervention, except they admit that, as part of a social conversation covering several topics, Defendant Martinez "talked briefly" with Karen Smith "about [her] new role as Clinical Director" in December of 2009.

134. The Martinez Defendants deny the allegations in paragraph 134 of the United States Complaint in Intervention.

135. The Martinez Defendants deny the allegations in paragraph 135 of the United States Complaint in Intervention.

136. The Martinez Defendants deny the allegations in paragraph 136 of the United States Complaint in Intervention, except they admit that Defendant Martinez was responsible for some of the facility-related issues as the property owner of some of the buildings rented by the clinics.

137. The Martinez Defendants deny the allegations in paragraph 137 of the United States Complaint in Intervention.

138. The Martinez Defendants deny the allegations in paragraph 138 of the United States Complaint in Intervention.

139. The Martinez Defendants admit that, as the property owner of some of the buildings rented by the clinics, Defendant Martinez installed surveillance cameras on properties that he owned.

140.   The Martinez Defendants deny that Defendant Martinez monitored patients and staff in real time via a live data feed.

141.   The Martinez Defendants deny the allegations in paragraph 141 of the United States Complaint in Intervention.

142.   The Martinez Defendants deny the allegations in paragraph 142 of the United States Complaint in Intervention.

143.   The Martinez Defendants deny that Defendant Martinez directed the implementation and troubleshooting of the application.

144.   The Martinez Defendants deny the allegations in paragraph 144 of the United States Complaint in Intervention, except they admit that Defendant Martinez was copied on emails forwarding new patient lists, but he did not open these emails.

145.   The Martinez Defendants deny the allegations in paragraph 145 of the United States Complaint in Intervention.

146.   The Martinez Defendants deny the allegations in paragraph 146 of the United States Complaint in Intervention.

147.   The Martinez Defendants deny the allegations in paragraph 147 of the United States Complaint in Intervention.

148.   The Martinez Defendants deny the allegations in paragraph 148 of the United States Complaint in Intervention.

149.   The Martinez Defendants deny the allegations in paragraph 149 of the United States Complaint in Intervention.

150.   The Martinez Defendants deny the allegations in paragraph 150 of the United States Complaint in Intervention.

151. The Martinez Defendants deny the allegations in paragraph 151 of the United States Complaint in Intervention, except they admit that Defendant Martinez was invited to and attended a meeting regarding an expansion of one of the properties he owns which was leased by one of the clinics.

152. The Martinez Defendants deny the allegations in paragraph 152 of the United States Complaint in Intervention.

153. The Martinez Defendants deny the allegations in paragraph 153 of the United States Complaint in Intervention.

154. The Martinez Defendants deny the allegations in paragraph 154 of the United States Complaint in Intervention.

155. The Martinez Defendants deny the allegations in paragraph 155 of the United States Complaint in Intervention.

156. The Martinez Defendants deny the allegations in paragraph 156 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 156 of the United States Complaint in Intervention and, on that basis, deny the allegations.

157. The Martinez Defendants deny the allegations in paragraph 157 of the United States Complaint in Intervention.

158. The Martinez Defendants deny the allegations in paragraph 158 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 158 of the United States Complaint in Intervention and, on that basis, deny the allegations.

159.    The Martinez Defendants deny that Defendant Martinez recruited therapists from the Dominican Republic after 2000.  As to the remaining allegations in paragraph 159 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

160.    The Martinez Defendants deny the allegations in paragraph 160 of the United States Complaint in Intervention.

161.    The Martinez Defendants deny the allegations of paragraph 161 of the United States Complaint in Intervention as they pertain to the Martinez Defendants, except to admit that Defendant Martinez has traveled to the Dominican Republic since 2000.

162.    The Martinez Defendants deny the allegations in paragraph 162 of the United States Complaint in Intervention as they pertain to the Martinez Defendants, except to admit that Defendant Martinez has traveled to the Dominican Republic since 2000.

163.    The Martinez Defendants deny that Defendant Martinez planned recruitment seminars or conducted any interviews.  The Martinez Defendants admit that the clinics, including the director of human resources and Chlebowski, organized the seminars and that Defendant Martinez was present in the Dominican Republic at the

time of the seminars and attended the seminars because his wife, Chlebowski, was there.

164.    The Martinez Defendants deny that Defendant Martinez was involved in recruiting and hiring efforts.

165.    The Martinez Defendants admit that Acosta organized a large recruiting fair at a Santo Domingo hotel.  As to the remainder of the allegations in paragraph 165 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

166.    The Martinez Defendants deny that Acosta presented a report regarding candidates' resumes to Defendant Martinez.  As to the remainder of the allegations in paragraph 166 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

167.    The Martinez Defendants deny that Defendant Martinez made efforts to get people from the Dominican Republic to work at the PA clinics.  As to the remainder of the allegations in paragraph 167 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

168.    The Martinez Defendants deny the allegations in paragraph 168 of the United States Complaint in Intervention as they pertain to the Martinez Defendants, except they admit that, as a representative of the Universidad Autónoma de Santo Domingo, Defendant Martinez ran a master's degree program.  As to the remainder of

the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 168 of the United States Complaint in Intervention and, on that basis, deny the allegations.

169. The Martinez Defendants deny the allegations in paragraph 169 of the United States Complaint in Intervention, except they admit that Defendant Martinez, in his capacity as a representative of the Universidad Autónoma de Santo Domingo, ran a master's degree program and that some of the classes were held on the clinic sites.

170. The Martinez Defendants deny the allegations in paragraph 170 of the United States Complaint in Intervention, except they admit that Defendant Martinez himself participated in the 2004 master's degree program.

171. The Martinez Defendants deny the allegations in paragraph 171 of the United States Complaint in Intervention, except they admit, upon information and belief, that Northeast paid the tuition to the university for some students and that some students repaid Northeast through payroll deductions.

172. The Martinez Defendants deny the allegations in paragraph 172 of the United States Complaint in Intervention.

173. The Martinez Defendants admit that Defendant Martinez, in his capacity as a representative of the Universidad Autónoma de Santo Domingo, coordinated a second master's degree program in 2008-2010. As to the remainder of the allegations in paragraph 173 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

174. The Martinez Defendants deny the allegations in paragraph 174 of the United States Complaint in Intervention.

175. The Martinez Defendants deny the allegations in paragraph 175 of the United States Complaint in Intervention, except they admit that, since the 2008-2010 program, Defendant Martinez has helped to implement additional masters programs that took place in Northeast and Lehigh Valley, that Defendant Martinez has been a student in all iterations of the master's program, and that Defendant Martinez, as a representative of the university, was not required to pay tuition.

176. The Martinez Defendants admit that some of the clinics' staff members also served as administrators for the masters' degree programs, although these positions were separate and did not overlap, and the staff members were paid separately by the university.

177. The Martinez Defendants deny the allegations in paragraph 177 of the United States Complaint in Intervention.

178. The Martinez Defendants deny the allegations in paragraph 178 of the United States Complaint in Intervention.

179. The Martinez Defendants deny the allegations in paragraph 179 of the United States Complaint in Intervention.

180. The Martinez Defendants deny the allegations in paragraph 180 of the United States Complaint in Intervention.

181. The Martinez Defendants deny the allegations in paragraph 181 of the United States Complaint in Intervention. The fees collected from the masters degree programs were divided amongst the clinics and the University Autónoma de Santo

Domingo, and, upon information and belief, Chlebowski was entitled to proceeds as the owner of the clinics.

182. The Martinez Defendants deny the allegations in paragraph 182 of the United States Complaint in Intervention, except they admit that Defendant Martinez has purchased additional properties since 2000 and that some of those properties were leased to the clinics.

183. The Martinez Defendants admit the allegations of paragraph 183 of the United States Complaint in Intervention.

184. The Martinez Defendants admit the allegations of paragraph 184 of the United States Complaint in Intervention.

185. The Martinez Defendants admit the allegations of paragraph 185 of the United States Complaint in Intervention.

186. The Martinez Defendants admit the allegations of paragraph 186 of the United States Complaint in Intervention.

187. The Martinez Defendants deny the allegations in paragraph 187 of the United States Complaint in Intervention, except they admit that Defendant MM Consultants purchased the 7th Street, Allentown property in 2000 for $450,000.

188. The Martinez Defendants admit the allegations of paragraph 188 of the United States Complaint in Intervention.

189. The Martinez Defendants admit the allegations of paragraph 189 of the United States Complaint in Intervention.

190. The Martinez Defendants deny the allegations of paragraph 190 of the United States Complaint in Intervention.

191. The Martinez Defendants deny the allegations in paragraph 191 of the United States Complaint in Intervention, except they admit that the PA clinics paid for repairs and renovations to the properties pursuant to the applicable lease.

192. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 192 of the United States Complaint in Intervention and, on that basis, deny the allegations, except they admit that Lehigh Valley engaged in renovations of the spaces used by it.

193. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 193 of the United States Complaint in Intervention and, on that basis, deny the allegations, except they admit that Lehigh Valley and Northeast engaged in renovations of the spaces used by them.

194. The Martinez Defendants deny the allegations of paragraph 194 of the United States Complaint in Intervention.

195. The Martinez Defendants deny the allegations of paragraph 195 of the United States Complaint in Intervention.

196. The Martinez Defendants deny the allegations of paragraph 196 of the United States Complaint in Intervention.

197. The Martinez Defendants deny the allegations of paragraph 197 of the United States Complaint in Intervention.

198. The Martinez Defendants deny the allegations of paragraph 198 of the United States Complaint in Intervention.

199. The Martinez Defendants deny the allegations of paragraph 199 of the United States Complaint in Intervention.

200. The Martinez Defendants deny the allegations of paragraph 200 of the United States Complaint in Intervention.

201. The Martinez Defendants deny the allegations of paragraph 201 of the United States Complaint in Intervention, except they admit that Defendant Martinez and Chlebowski were married and shared assets and income.

202. The Martinez Defendants admit the allegations of paragraph 202 of the United States Complaint in Intervention.

203. The Martinez Defendants deny the allegations of paragraph 203 of the United States Complaint in Intervention.

204. The Martinez Defendants deny the allegations of paragraph 204 of the United States Complaint in Intervention.

205. The Martinez Defendants deny the allegations of paragraph 205 of the United States Complaint in Intervention, except they admit that Defendant Martinez occasionally, but mistakenly, received emails from clinic employees and vendors and that, for a period of time, he had an email address on the clinics' servers as a result of a mistake not of his own doing.

206. The Martinez Defendants admit that Defendant Martinez did not sign contracts on behalf of the clinics. The Martinez Defendants deny that Defendant Martinez decided terms of and negotiated contracts on behalf of the clinics.

207. The Martinez Defendants deny the allegations of paragraph 207 of the United States Complaint in Intervention.

208. The Martinez Defendants admit the allegations of paragraph 208 of the United States Complaint in Intervention.

29

209. The Martinez Defendants deny the Defendant Martinez had an improper role in the clinics. As to the remainder of the allegations of paragraph 209 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

210. The Martinez Defendants deny that Defendant Martinez was regarded as the owner and the boss of the clinics. As to the remainder of the allegations of paragraph 210 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

211. The Martinez Defendants deny the allegations of paragraph 211 of the United States Complaint in Intervention.

212. The Martinez Defendants deny the allegations of paragraph 212 of the United States Complaint in Intervention.

213. The Martinez Defendants deny the allegations of paragraph 213 of the United States Complaint in Intervention.

214. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 214 of the United States Complaint in Intervention and, on that basis, deny the allegations.

215. The Martinez Defendants deny the allegations of paragraph 215 of the United States Complaint in Intervention.

216. The Martinez Defendants deny the allegations of paragraph 216 of the United States Complaint in Intervention.

217.    The Martinez Defendants deny that Defendant Martinez engaged in a fraudulent scheme or that he made efforts to keep clinic employees from revealing the same to authorities. As to the remainder of the allegations of paragraph 217 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

218.    The Martinez Defendants deny that Defendant Martinez was involved in the operation of the clinics. As to the remainder of the allegations of paragraph 218 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

219.    The Martinez Defendants deny that Defendant Martinez was involved in the operation of the clinics. As to the remainder of the allegations of paragraph 219 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

220.    The Martinez Defendants deny that Defendant Martinez had a managerial role in the clinics. As to the remainder of the allegations of paragraph 220 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

221.    Upon information and belief, the Martinez Defendants deny that an excluded provider was involved in the clinics' management and/or operations.  . As to

the remainder of the allegations of paragraph 221 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

222. The Martinez Defendants deny that Defendant Martinez had a managerial role in the clinics after 2000. As to the remainder of the allegations of paragraph 222 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

223. Upon information and belief, the Martinez Defendants deny the allegations of paragraph 223 of the United States Complaint in Intervention.

224. The Martinez Defendants deny that Defendant Martinez had a managerial role in the clinics after 2000. As to the remainder of the allegations of paragraph 224 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

225. The Martinez Defendants deny that Defendant Martinez had a managerial role in the clinics after 2000. As to the remainder of the allegations of paragraph 225 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

226. The Martinez Defendants deny that Defendant Martinez had any improper involvement in the Carolina clinic. As to the remainder of the allegations of paragraph 226 of the United States Complaint in Intervention, the Martinez Defendants are without

sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

227. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 227 of the United States Complaint in Intervention and, on that basis, deny the allegations.

228. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 228 of the United States Complaint in Intervention and, on that basis, deny the allegations.

229. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 229 of the United States Complaint in Intervention and, on that basis, deny the allegations.

230. The Martinez Defendants deny that Defendant Martinez had any improper role in the clinics or that any change of information or update regarding his role was required. As to the remaining allegations in paragraph 230 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

231. The Martinez Defendants deny that Defendant Martinez had any improper involvement in the clinics. As to the remaining allegations in paragraph 231 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to their truth and, on that basis, deny the allegations.

232. Paragraph 232 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

233. Paragraph 233 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

234. Paragraph 234 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

235. Paragraph 235 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

236. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 236 of the United States Complaint in Intervention and, on that basis, deny the allegations.

237. Paragraph 237 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

238. Paragraph 238 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

239. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 239 of the United States Complaint in Intervention and, on that basis, deny the allegations.

240. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 240 of the United States Complaint in Intervention and, on that basis, deny the allegations.

241. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 241 of the United States Complaint in Intervention and, on that basis, deny the allegations.

242.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 242 of the United States Complaint in Intervention and, on that basis, deny the allegations.

243.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 243 of the United States Complaint in Intervention and, on that basis, deny the allegations.

244.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 244 of the United States Complaint in Intervention and, on that basis, deny the allegations.

245.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 245 of the United States Complaint in Intervention and, on that basis, deny the allegations.

246.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 246 of the United States Complaint in Intervention and, on that basis, deny the allegations.

247.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 247 of the United States Complaint in Intervention and, on that basis, deny the allegations.

248.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 248 of the United States Complaint in Intervention and, on that basis, deny the allegations.

249.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 249 of the United States Complaint in Intervention and, on that basis, deny the allegations.

250.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 250 of the United States Complaint in Intervention and, on that basis, deny the allegations.

251.    The Martinez Defendants deny the allegations of paragraph 251 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 251 of the United States Complaint in Intervention and, on that basis, deny the allegations.

252.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 252 of the United States Complaint in Intervention and, on that basis, deny the allegations.

253.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 253 of the United States Complaint in Intervention and, on that basis, deny the allegations.

254.    The Martinez Defendants deny the allegations in paragraph 254 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 254 of the United States Complaint in Intervention and, on that basis, deny the allegations.

255.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 255 of the United States Complaint in Intervention and, on that basis, deny the allegations.

256.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 256 of the United States Complaint in Intervention and, on that basis, deny the allegations.

257.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 257 of the United States Complaint in Intervention and, on that basis, deny the allegations.

258.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 258 of the United States Complaint in Intervention and, on that basis, deny the allegations.

259.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 259 of the United States Complaint in Intervention and, on that basis, deny the allegations.

260.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 260 of the United States Complaint in Intervention and, on that basis, deny the allegations.

261.    The Martinez Defendants deny the allegations in paragraph 261 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 261 of the United States Complaint in Intervention and, on that basis, deny the allegations.

262. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 262 of the United States Complaint in Intervention and, on that basis, deny the allegations.

263. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 263 of the United States Complaint in Intervention and, on that basis, deny the allegations.

264. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 264 of the United States Complaint in Intervention and, on that basis, deny the allegations.

265. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 265 of the United States Complaint in Intervention and, on that basis, deny the allegations.

266. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 266 of the United States Complaint in Intervention and, on that basis, deny the allegations.

267. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 267 of the United States Complaint in Intervention and, on that basis, deny the allegations.

268.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 268 of the United States Complaint in Intervention and, on that basis, deny the allegations.

269.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 269 of the United States Complaint in Intervention and, on that basis, deny the allegations.

270.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 270 of the United States Complaint in Intervention and, on that basis, deny the allegations.

271.    The Martinez Defendants deny the allegations in paragraph 271 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 271 of the United States Complaint in Intervention and, on that basis, deny the allegations.

272.    The Martinez Defendants deny the allegations in paragraph 272 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 272 of the United States Complaint in Intervention and, on that basis, deny the allegations.

273.    The Martinez Defendants deny the allegations in paragraph 273 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As

to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 273 of the United States Complaint in Intervention and, on that basis, deny the allegations.

274.    The Martinez Defendants deny the allegations in paragraph 274 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 274 of the United States Complaint in Intervention and, on that basis, deny the allegations.

275.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 275 of the United States Complaint in Intervention and, on that basis, deny the allegations.

276.    The Martinez Defendants deny the allegations in paragraph 276 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 276 of the United States Complaint in Intervention and, on that basis, deny the allegations.

277.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 277 of the United States Complaint in Intervention and, on that basis, deny the allegations.

278.    The Martinez Defendants deny the allegations in paragraph 278 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 278 of the United States Complaint in Intervention and, on that basis, deny the allegations.

279.    The Martinez Defendants admit that Defendant Martinez did not take remedial or other actions with regard to the clinics.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 279 of the United States Complaint in Intervention and, on that basis, deny the allegations.

280.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 280 of the United States Complaint in Intervention and, on that basis, deny the allegations.

281.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 281 of the United States Complaint in Intervention and, on that basis, deny the allegations.

282.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 282 of the United States Complaint in Intervention and, on that basis, deny the allegations.

283.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 283 of the United States Complaint in Intervention and, on that basis, deny the allegations.

284.     Paragraph 284 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

285.     The Martinez Defendants deny the allegations in paragraph 285 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 285 of the United States Complaint in Intervention and, on that basis, deny the allegations.

286.     The Martinez Defendants deny that Defendant Martinez recruited and hired therapists. As to the remaining allegations in paragraph 286 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

287.     The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 287 of the United States Complaint in Intervention and, on that basis, deny the allegations.

288.     The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 288 of the United States Complaint in Intervention and, on that basis, deny the allegations.

289.     The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 289 of the United States Complaint in Intervention and, on that basis, deny the allegations.

290.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 290 of the United States Complaint in Intervention and, on that basis, deny the allegations.

291.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 291 of the United States Complaint in Intervention and, on that basis, deny the allegations.

292.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 292 of the United States Complaint in Intervention and, on that basis, deny the allegations.

293.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 293 of the United States Complaint in Intervention and, on that basis, deny the allegations.

294.    The Martinez Defendants deny that Defendant Martinez recruited individuals for the PA clinics or paid them for their services.  As to the remaining allegations in paragraph 294 of the United States Complaint in Intervention, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

295.    Paragraph 295 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

296.    Paragraph 296 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

297.    Paragraph 297 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

298.    Paragraph 298 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

299.    Paragraph 299 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

300.    Paragraph 300 of the United States Complaint in Intervention states a legal conclusion to which no response is required.

301.    The Martinez Defendants deny the allegations in paragraph 301 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 301 of the United States Complaint in Intervention and, on that basis, deny the allegations.

302.    The Martinez Defendants deny that Defendant Martinez had anything to do with the staffing of the clinics or with providing supervisions at the clinics. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 302 of the United States Complaint in Intervention and, on that basis, deny the allegations.

303.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 303 of the United States Complaint in Intervention and, on that basis, deny the allegations.

304. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 304 of the United States Complaint in Intervention and, on that basis, deny the allegations.

305. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 305 of the United States Complaint in Intervention and, on that basis, deny the allegations.

306. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 306 of the United States Complaint in Intervention and, on that basis, deny the allegations.

307. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 307 of the United States Complaint in Intervention and, on that basis, deny the allegations.

308. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 308 of the United States Complaint in Intervention and, on that basis, deny the allegations.

309. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 309 of the United States Complaint in Intervention and, on that basis, deny the allegations.

310. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 310 of the United States Complaint in Intervention and, on that basis, deny the allegations.

311. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 311 of the United States Complaint in Intervention and, on that basis, deny the allegations.

312. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 312 of the United States Complaint in Intervention and, on that basis, deny the allegations.

313. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 313 of the United States Complaint in Intervention and, on that basis, deny the allegations.

314. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 314 of the United States Complaint in Intervention and, on that basis, deny the allegations.

315. Paragraph 315 of the United States Complaint in Intervention is an incorporation by reference of the previous 314 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-314 as their response to paragraph 315.

316. The Martinez Defendants deny the allegations of paragraph 316 of the United States Complaint in Intervention.

317. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 317 of the United States Complaint in Intervention and, on that basis, deny the allegations.

318.   The Martinez Defendants deny the allegations of paragraph 318 of the United States Complaint in Intervention.

319.   Paragraph 319 of the United States Complaint in Intervention is an incorporation by reference of the previous 318 paragraphs of the United States Complaint in Intervention.  The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-318 as their response to paragraph 319.

320.   The Martinez Defendants deny the allegations of paragraph 320 of the United States Complaint in Intervention.

321.   The Martinez Defendants deny the allegations of paragraph 321 of the United States Complaint in Intervention.

322.   The Martinez Defendants deny the allegations of paragraph 322 of the United States Complaint in Intervention.

323.   Paragraph 323 of the United States Complaint in Intervention is an incorporation by reference of the previous 322 paragraphs of the United States Complaint in Intervention.  The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-322 as their response to paragraph 323.

324.   The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 324 of the United States Complaint in Intervention and, on that basis, deny the allegations.

325.   The Martinez Defendants deny the allegations of paragraph 325 of the United States Complaint in Intervention.

326. The Martinez Defendants deny the allegations of paragraph 326 of the United States Complaint in Intervention.

327. The Martinez Defendants deny the allegations of paragraph 327 of the United States Complaint in Intervention.

328. Paragraph 328 of the United States Complaint in Intervention is an incorporation by reference of the previous 327 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-327 as their response to paragraph 328.

329. The Martinez Defendants deny the allegations contained in paragraph 329 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 329 of the United States Complaint in Intervention and, on that basis, deny the allegations.

330. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 330 of the United States Complaint in Intervention and, on that basis, deny the allegations.

331. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 331 of the United States Complaint in Intervention and, on that basis, deny the allegations.

332. The Martinez Defendants deny the allegations contained in paragraph 332 of the United States Complaint in Intervention as they pertain to the Martinez

Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 332 of the United States Complaint in Intervention and, on that basis, deny the allegations.

333. Paragraph 333 of the United States Complaint in Intervention is an incorporation by reference of the previous 332 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-332 as their response to paragraph 333.

334. The Martinez Defendants deny the allegations contained in paragraph 334 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 334 of the United States Complaint in Intervention and, on that basis, deny the allegations.

335. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 335 of the United States Complaint in Intervention and, on that basis, deny the allegations.

336. The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 336 of the United States Complaint in Intervention and, on that basis, deny the allegations.

337. The Martinez Defendants deny the allegations contained in paragraph 337 of the United States Complaint in Intervention as they pertain to the Martinez

Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 337 of the United States Complaint in Intervention and, on that basis, deny the allegations.

338. Paragraph 338 of the United States Complaint in Intervention is an incorporation by reference of the previous 337 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-337 as their response to paragraph 338.

339. The Martinez Defendants deny the allegations contained in paragraph 339 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 339 of the United States Complaint in Intervention and, on that basis, deny the allegations.

340. The Martinez Defendants deny the allegations contained in paragraph 340 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 340 of the United States Complaint in Intervention and, on that basis, deny the allegations.

341.  The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 341 of the United States Complaint in Intervention and, on that basis, deny the allegations.

342.  The Martinez Defendants deny the allegations contained in paragraph 342 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 342 of the United States Complaint in Intervention and, on that basis, deny the allegations.

343.  Paragraph 343 of the United States Complaint in Intervention is an incorporation by reference of the previous 342 paragraphs of the United States Complaint in Intervention.  The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-342 as their response to paragraph 343.

344.  The Martinez Defendants deny the allegations contained in paragraph 344 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 344 of the United States Complaint in Intervention and, on that basis, deny the allegations.

345.  The Martinez Defendants deny the allegations contained in paragraph 345 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 345 of the United States Complaint in Intervention and, on that basis, deny the allegations.

346.    The Martinez Defendants deny the allegations contained in paragraph 346 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 346 of the United States Complaint in Intervention and, on that basis, deny the allegations.

347.    Paragraph 347 of the United States Complaint in Intervention is an incorporation by reference of the previous 346 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-346 as their response to paragraph 347.

348.    The Martinez Defendants deny the allegations contained in paragraph 348 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 348 of the United States Complaint in Intervention and, on that basis, deny the allegations.

349.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 349 of the United States Complaint in Intervention and, on that basis, deny the allegations.

350.   The Martinez Defendants deny the allegations contained in paragraph 350 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 350 of the United States Complaint in Intervention and, on that basis, deny the allegations.

351.   The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 351 of the United States Complaint in Intervention and, on that basis, deny the allegations.

352.   The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 352 of the United States Complaint in Intervention and, on that basis, deny the allegations.

353.   The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 353 of the United States Complaint in Intervention and, on that basis, deny the allegations.

354.   The Martinez Defendants deny the allegations contained in paragraph 354 of the United States Complaint in Intervention as they pertain to the Martinez Defendants.  As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 354 of the United States Complaint in Intervention and, on that basis, deny the allegations.

355.   The Martinez Defendants deny the allegations contained in paragraph 355 of the United States Complaint in Intervention as they pertain to the Martinez

Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 355 of the United States Complaint in Intervention and, on that basis, deny the allegations.

356. The Martinez Defendants deny the allegations contained in paragraph 356 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 356 of the United States Complaint in Intervention and, on that basis, deny the allegations.

357. The Martinez Defendants deny the allegations contained in paragraph 357 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 357 of the United States Complaint in Intervention and, on that basis, deny the allegations.

358. Paragraph 358 of the United States Complaint in Intervention is an incorporation by reference of the previous 357 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-357 as their response to paragraph 358.

359.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 359 of the United States Complaint in Intervention and, on that basis, deny the allegations.

360.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 360 of the United States Complaint in Intervention and, on that basis, deny the allegations.

361.    The Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 361 of the United States Complaint in Intervention and, on that basis, deny the allegations.

362.    The Martinez Defendants deny the allegations contained in paragraph 362 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 362 of the United States Complaint in Intervention and, on that basis, deny the allegations.

363.    The Martinez Defendants deny the allegations contained in paragraph 363 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 363 of the United States Complaint in Intervention and, on that basis, deny the allegations.

364.    Paragraph 364 of the United States Complaint in Intervention is an incorporation by reference of the previous 363 paragraphs of the United States

Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-363 as their response to paragraph 364.

365. The Martinez Defendants deny that they obtained monies through unjust enrichment. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 363 of the United States Complaint in Intervention and, on that basis, deny the allegations.

366. The Martinez Defendants deny the allegations contained in paragraph 366 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 366 of the United States Complaint in Intervention and, on that basis, deny the allegations.

367. The Martinez Defendants deny the allegations contained in paragraph 367 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 367 of the United States Complaint in Intervention and, on that basis, deny the allegations.

368. The Martinez Defendants deny the allegations contained in paragraph 368 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 368 of the United States Complaint in Intervention and, on that basis, deny the allegations.

369. Paragraph 369 of the United States Complaint in Intervention is an incorporation by reference of the previous 368 paragraphs of the United States Complaint in Intervention. The Martinez Defendants hereby incorporate by this reference their previously stated responses to paragraphs 1-368 as their response to paragraph 369.

370. The Martinez Defendants deny the allegations contained in paragraph 370 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 370 of the United States Complaint in Intervention and, on that basis, deny the allegations.

371. The Martinez Defendants deny the allegations contained in paragraph 371 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 371 of the United States Complaint in Intervention and, on that basis, deny the allegations.

372. The Martinez Defendants deny the allegations contained in paragraph 372 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 372 of the United States Complaint in Intervention and, on that basis, deny the allegations.

373. The Martinez Defendants deny the allegations contained in paragraph 373 of the United States Complaint in Intervention as they pertain to the Martinez Defendants. As to the remainder of the defendants, the Martinez Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 373 of the United States Complaint in Intervention and, on that basis, deny the allegations.

Answering the claim for relief, the Martinez Defendants deny that the United States of America is entitled to any relief.

## Affirmative Defenses

The Martinez Defendants set forth their separate and affirmative defenses to the United States Complaint in Intervention, without conceding that the burden of proof rests with the Martinez Defendants with respect to these issues. The Martinez Defendants reserve the right to assert such other separate and affirmative defenses as continuing investigation and discovery may disclose.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The United States Complaint in Intervention, in whole or in part, fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Actions of Others)

2. The Martinez Defendants are not liable for the acts of others over whom they have no control, and therefore, the claims in the United States Complaint in Intervention are barred in whole or in part.

## THIRD AFFIRMATIVE DEFENSE
### (No Damage)

3. The United States of America has suffered no damages or economic harm as a result of the matters alleged in the United States Complaint in Intervention.

## FOURTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

4. Without admitting that the United States Complaint in Intervention states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against the Martinez Defendants or others for any alleged single wrong.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

5. The Martinez Defendants did not cause any losses sustained by the United States of America.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

6. The Martinez Defendants are not liable for the claims in the United States Complaint in Intervention because, pursuant to an agreement with the State of

Pennsylvania, Defendant Martinez was permitted to own the physical property rented by the clinics and to transfer his stock ownership of the clinics to Chlebowski.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Particularity)

7.  Plaintiffs do not state with sufficient particularity the circumstances constituting the fraud purportedly alleged.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

8.  Plaintiffs' claims are barred by laches.

**WHEREFORE**, the Martinez Defendants demand judgment in their favor dismissing the United States Complaint in Intervention and for such other and further relief as this Court deems just and proper.

DATED:     Hackensack, New Jersey
March 7, 2016

PASHMAN STEIN, P.C.

Aidan P. O'Connor
21 Main Street, Suite 200
Hackensack, New Jersey 07601

Attorneys for Defendants
Melchor Martinez & MM Consultants LLC

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ex rel.   :
KAREN SMITH and STATE OF NORTH   :
CAROLINA ex rel. KAREN SMITH,   :
                                :
        Plaintiffs,   :
                                :
        v.   :   Civil Action No. 5:11-CV-02756
                                :
CAROLINA COMMUNITY MENTAL   :
HEALTH CENTERS, INC., NORTHEAST   :
COMMUNITY MENTAL HEALTH   :
CENTER, INC., LEHIGH VALLEY   :
COMMUNITY MENTAL HEALTH   :
CENTER, INC., MELCHOR MARTINEZ,   :
MELISSA CHLEBOWSKI, JORGE   :
ACOSTA, NANCY SEIER, PATRICIA   :
EROH, MM CONSULTANTS, LLC, and   :
MCM BETHLEHEM PROPERTY, LLC,   :
                                :
        Defendants.   :

## CERTIFICATE OF SERVICE

    I certify that, on the date set forth below, I served the following counsel of record, via

email and U.S. mail, a copy of Defendants Melchor Martinez's and MM Consultants, LLC's

Answer to the United States Complaint in Intervention.

| | |
|---|---|
| Zane David Memeger | David M. Laigaie, Esquire |
| United States Attorney | Joshua D. Hill, Esquire |
| Judith A. Amorsoa | Eckert Seamans Cherin & Mellott, LLC |
| Susan R. Becker | Two Liberty Place |
| Viveca D. Parker | 50 S. 16th Street, 22nd Floor |
| Assistant United States Attorneys | Philadelphia, PA 19102 |
| 615 Chestnut Street, Suite 1250 | Tele: (215) 851-8400 |
| Philadelphia, PA 19106 | Fax: (215) 851-8383 |
| Ph: (215) 861-8869 | DLaigaie@eckertseamans.com |
| Fax: (215) 861-8618 | *Attorneys for Defendants Carolina* |
| Judith.Amorosa@usdoj.gov | *Community Mental Health Centers, Inc.,* |
| *Attorneys for the United States of America* | *Northeast Community Mental Health* |
| | *Center, Inc., Lehigh Valley Community* |

John S. Benson, Esquire
Penglase & Benson, Inc.
110 North Main Street
Doylestown, PA 18901
Tele: (215) 348-4416
Fax: (215) 348-5396
jbenson@penglaseandbenson.com
*Attorneys for Defendants Jorge Acosta,*
*Nancy Seier, and Patricia Eroh*

*Mental Health Center, Inc., Melissa*
*Chlebowski, and MCM Bethlehem*
*Property, LLC*

Bruce G. Baron, Esquire
Capozzi Adler, P.C.
P.O. Box 5866
Harrisburg, PA 17110
Tele: (717) 233-4101
Fax: (717) 233-4103
BruceB@CapozziAdler.com
*Attorneys for Plaintiff Karen Smith*

Dated: March 7, 2016

Signed: _____

Aidan P. O'Connor
Jonathan Bauer, Esquire
Pashman Stein, P.C.
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: 201-488-8200
Fax: 201-488-5556
*Attorneys for Defendants Melchor*
*Martinez and MM Consultants, LLC*

2