UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiffs, | : |
| v. | : |
| MELCHOR MARTINEZ, MELISSA CHLEBOWSKI, JORGE ACOSTA, NANCY SEIER, PATRICIA EROH, LEHIGH VALLEY COMMUNITY MENTAL HEALTH CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., MM CONSULTANTS, LLC, and MCM BETHLEHEM PROPERTY, LLC, | : Civil Action No. 11-2756 (LFS) |
| Defendants. | : |
| UNITED STATES OF AMERICA and STATE OF NORTH CAROLINA, ex rel. KAREN SMITH | : |
| Plaintiffs, | : |
| v. | : |
| CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTERS, INC., AND LEHIGH VALLEY COMMUNITY MENTAL HEALTH CENTER, INC., | : |
| Defendants. | : |

**ANSWER OF DEFENDANTS, CAROLINA COMMUNITY MENTAL HEALTH CENTERS, INC., NORTHEAST COMMUNITY MENTAL HEALTH CENTER, INC., AND LEHIGH VALLEY COMMUNITY MENTAL HEALTH CENTER, INC., TO PLAINTIFF/RELATOR'S *QUI TAM* COMPLAINT**

Defendants, Carolina Community Mental Health Centers, Inc., Northeast Community Mental Health Center, Inc., and Lehigh Valley Community Mental Health Center, Inc. (collectively "Clinic Defendants"), hereby answer the Plaintiff/Relator's *Qui Tam* Complaint ("Complaint") as follows[1]:

1. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

2. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

3. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

4. Denied. The Clinic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The Clinic Defendants specifically deny any wrongdoing.

5. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

6. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

---

[1] Some of the headings and footnotes in the Complaint improperly contain allegations and argument. Therefore, Answering Defendant does not include such headings or footnotes in its Answer. Any allegations in the headings or footnotes are denied.

7. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

8. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

9. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

10. Admitted.

11. Admitted in part; denied in part. The Clinic Defendants admit the allegations contained in this paragraph, except that they aver that the Carolina clinic in Raleigh, North Carolina is no longer in operation.

12. Admitted in part; denied in part. The Clinic Defendants admit the allegations contained in this paragraph, except that they aver that the Carolina clinic in Raleigh, North Carolina is no longer in operation.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted. It is admitted only that Plaintiff/Relator purports to define the term "Defendants."

17. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

18. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

19. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

20. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

21. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

22. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

23. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

23 [sic] Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

24. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

25. Admitted in part; denied in part. The allegations in this paragraph purport to characterize a written document, which speaks for itself. The Clinic Defendants deny the any allegations to the extent they are inconsistent with that document.

26. Admitted in part; denied in part. The allegations in this paragraph purport to characterize a written document, which speaks for itself. The Clinic Defendants deny the any allegations to the extent they are inconsistent with that document.

27. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

28 - 46. With regard to the allegations set forth in paragraphs 28 through 46, the Clinic Defendants incorporate the responses contained in their Answer to the Government's Complaint in Intervention. The Clinic Defendants specifically deny any wrongdoing.

WHEREFORE, the Clinic Defendants respectfully request that the Plaintiff/Relator's *Qui Tam* Complaint be dismissed and judgment entered in their favor, together with costs, including counsel fees, and further relief deemed appropriate by this Honorable Court.

47. The Clinic Defendants, hereby incorporate the answers set forth in paragraphs 1 through 46 as if fully set forth fully at length herein.

48. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

49. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

50. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

51. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

52. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

53. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

54. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

55. Denied. The Clinic Defendants deny the allegations contained in this paragraph. The Clinic Defendants specifically deny that Dr. Martinez had continuing involvement in the operation of the clinics.

56. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

57. Denied. The Clinic Defendants deny the allegations contained in this paragraph.

58. Denied. The Clinic Defendants deny the allegations contained in this paragraph.

59. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

60. Denied. The Clinic Defendants deny the allegations contained in this paragraph. The Clinic Defendants specifically deny any wrongdoing.

61. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

62. Denied. The Clinic Defendants deny the allegations contained in this paragraph. The Clinic Defendants specifically deny any wrongdoing.

63. Denied. The Clinic Defendants deny the allegations contained in this paragraph.

64. Denied. The Clinic Defendants deny the allegations contained in this paragraph. The Clinic Defendants specifically deny any wrongdoing.

65. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent facts are alleged, the Clinic Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

66. Admitted in part; denied in part. It is admitted only that Plaintiff/Relator had requested that the Court accept pendent jurisdiction over state law claims. The Clinic Defendants deny the remaining allegations contained in this paragraph. The Clinic Defendants specifically deny any wrongdoing.

WHEREFORE, the Clinic Defendants respectfully request that the Plaintiff/Relator's *Qui Tam* Complaint be dismissed and judgment entered in their favor, together with costs, including counsel fees, and further relief deemed appropriate by this Honorable Court.

**AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following additional defenses should be available to the Clinic Defendants in this matter. The Clinic Defendants

accordingly reserve the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, the Clinic Defendants may withdraw any of these additional defenses, as may be appropriate. The Clinic Defendants further reserves the right to amend their Answer and defenses, and to assert additional defenses and other claims, as this matter proceeds. Further answering, and by way of additional defense, the Clinic Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

1. The Complaint fails to comply with Fed. R. Civ. P. 9(b) in that the allegations are not stated with particularity.

2. The Plaintiff/Relator's claims, if permitted to proceed, would deprive the Clinic Defendants of their rights to substantive and procedural due process of law under the United States Constitution and the constitutions of the States because the Complaint fails to state and identify with sufficient particularity the circumstances and communications allegedly constituting fraud and misrepresentation.

### THIRD AFFIRMATIVE DEFENSE

1. The Clinic Defendants did not act knowingly within the meaning of the Federal False Claims Act (FCA") and the North Carolina False Claims Act ("NCFCA").

2. The Clinic Defendants did not have actual knowledge of any alleged falsity; act in deliberate ignorance of the truth or falsity of relevant information; or recklessly disregard the truth or falsity of relevant information.

### FOURTH AFFIRMATIVE DEFENSE

1. The Clinic Defendants reasonably believed and continue to believe that any transactions referred to in the Complaint complied with applicable laws and regulations.

2. To the extent that any of the actions alleged by the Plaintiff/Relator to have been taken by The Clinic Defendants occurred, said actions were taken in good faith and not with any improper or illegal purpose, intent or knowledge.

### FIFTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator has not suffered any damages, harm or injury as a result of the alleged actions of the Clinic Defendants.

2. Nether The United States nor the State of North Carolina have not suffered any damages, harm or injury as a result of the alleged actions of the Clinic Defendants.

### SIXTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred, in whole or in part, because the Clinic Defendants' conduct was in compliance with, or authorized by, laws and regulations administered by any regulatory body or official action under municipal, state, or federal statutory authority.

### SEVENTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred in whole or any part by the equitable doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred, in whole or any part, by waiver.

### NINTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred in whole or any part by the applicable statute of limitations, statutes of repose, and doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred in whole or any part by the equitable doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

1. Plaintiff/Relator's claims are barred, in whole or in part, on the basis that the United States and the State of North Carolina would be unjustly enriched if allowed to recover on any or any part of the damages alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

1. The claims asserted in the Complaint are barred, in whole or in part, due to failure to mitigate alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

1. The FCA, 31 U.S.C. § 3729, et seq., including without limitation the *qui tam* provisions of the act as well as the treble damages and penalty provisions of the act, is unconstitutional.

### FOURTEENTH AFFIRMATIVE DEFENSE

1. Penalties and treble damages authorized under the FCA and the NCFCA exceed any actual loss incurred as a result of any claims paid that the acts as promulgated violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and similar clauses of the North Carolina Constitution, and are therefore void.

**FIFTEENTH AFFIRMATIVE DEFENSE**

1. Plaintiff/Relator's claims are barred, in whole or in part, because they are vexatious, frivolous, and intended only to annoy, embarrass and harass the Clinic Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

1. Any award of statutory or punitive damages or statutory penalties in this action would violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. An award of statutory or punitive damages would violate the Clinic Defendants' rights to due process. Plaintiff/Relator's claims are thus constitutionally barred. Plaintiff/Relator's request for damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution because damages sought constitute excessive and arbitrary punishment that furthers no legitimate purpose, and thus, is an arbitrary deprivation of property. Plaintiff/Relator's request for penalties violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution inasmuch as the requested penalties are purely punitive, do not bear any relation to either actual damages or government enforcement costs, and are excessive. For the same reasons, any award of statutory or punitive damages or statutory penalties in this action would violate the North Carolina Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

1. Plaintiff/Relator's claims are barred, in whole or in part, because her alleged damages, if any, are speculative, and because of the impossibility of proof of any alleged damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

1. The Clinic Defendants reasonably believed that their conduct complied with all applicable federal, state, and municipal laws and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

1.      The injuries and damages claimed by Plaintiff/Relator, if any, were caused in whole or in part by the acts or omissions of persons over whom Answering Defendant has no control or right of control.

**WHEREFORE**, The Clinic Defendants respectfully requests that the Plaintiff/Relator's *Qui Tam* Complaint be dismissed, and judgment entered in their favor, together with costs, including counsel fees, and further relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Joshua D. Hill*
David M. Laigaie, Esquire
Joshua D. Hill, Esquire
50 S. 16th Street, 22nd Floor
Philadelphia, PA  19102
*dlaigaie@eckertseamans.com*
*jhill@eckertseamans.com*
(215) 851-8400 (Telephone)
*Counsel for Defendants, Carolina Community Mental Health Centers, Inc., Northeast Community Mental Health Center, Inc., Lehigh Valley Community Mental Health Center, Inc., Melissa Chlebowski, and MCM Bethlehem Property*

Dated: August 17, 2017

## CERTIFICATE OF SERVICE

I, Joshua D. Hill, Esquire, hereby certify that I have this 17th day of August 2017, served the Foregoing Answer of Defendants, Carolina Community Mental Health Centers, Inc., Northeast Community Mental Health Center, Inc., and Lehigh Valley Community Mental Health Center, Inc., to Plaintiff/Relator's *Qui Tam* Complaint upon the following via the Court's ECF filing system:

Zane David Memeger, Esquire
United States Attorney
Judith A. Amorosa, Esquire
Susan R. Becker, Esquire
Viveca D. Parker, Esquire
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8869
Fax: (215) 861-8618
*Attorneys for the United States of America*

Bruce G. Baron, Esquire
Capozzi Adler, P.C.
P.O. Box 5866
Harrisburg, PA 17110
Phone: (717) 233-4101
Fax: (717) 233-4103
*Attorneys for Plaintiff Karen Smith*

Jonathan Bauer, Esquire
Aidan P. O'Connor, Esquire
Pashman Stein P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: (201) 488-8200
Fax: (201) 488-5556
*Attorneys for Defendants Melchor Martinez and MM Consultants, LLC*

John Stewart Benson, Esquire
Penglase & Benson, Inc.
110 N. Main Street
Doylestown, PA 18901
Phone: (215) 348-4416
Fax: (215) 348-5396
*Attorneys for Defendants Nancy Seier, Jorge Acosta and Patricia Eroh*

/s/ Joshua D. Hill
Joshua D. Hill, Esquire