IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MELCHOR MARTINEZ, | : | |
| MELISSA CHLEBOWSKI, JORGE ACOSTA, | : | |
| NANCY SEIER, PATRICIA EROH, | : | |
| LEHIGH VALLEY COMMUNITY MENTAL | : | Civil Action No. 11-2756 (LFS) |
| CENTERS, INC., NORTHEAST COMMUNITY | : | |
| MENTAL HEALTH CENTERS, INC., | : | |
| CAROLINA COMMUNITY MENTAL HEALTH | : | |
| CENTERS, INC., MM CONSULTANTS, LLC, | : | |
| and MCM BETHLEHEM PROPERTY, LLC, | : | |
| | : | |
| Defendants; | : | |
| | : | |
| UNITED STATES OF AMERICA and STATE OF | : | |
| NORTH CAROLINA, ex rel. KAREN SMITH, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CAROLINA COMMUNITY MENTAL | : | |
| HEALTH CENTERS, INC., NORTHEAST | : | |
| COMMUNITY MENTAL HEALTH CENTERS, | : | |
| INC., and LEHIGH VALLEY COMMUNITY | : | |
| MENTAL HEALTH CENTERS, INC., | : | |
| | : | |
| Defendants. | : | |

## **STIPULATION & ORDER OF JUDGMENT ON CONSENT**

Plaintiff, the United States of America, through its undersigned counsel, the State of

North Carolina, through its undersigned counsel, the Relator Karen Smith, through her

undersigned counsel, and the Defendants, Melchor Martinez, Melissa Chlebowski, Lehigh

Valley Community Mental Health Centers, Inc. ("Lehigh Valley"), Northeast Community

Mental Health Centers, Inc. ("Northeast"), Carolina Community Mental Health Centers, Inc.

("Carolina"), MM Consultants, LLC, and MCM Bethlehem Properties, LLC (collectively, "the

defendants"), through their undersigned counsel (the United States, North Carolina, the Relator,

and the defendants are together, the "Parties"), stipulate and agree as follows:

    1.    On or about April 20, 2011, the Relator filed a qui tam action in the United States

District Court for the Eastern District of Pennsylvania captioned *USA and State of NC, ex rel.*

*Smith v. Carolina Community Mental Health Centers, et al.*, Civil Action No. 11-2756, pursuant

to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). The

United States intervened in the Civil Action and filed the United States' Complaint in

Intervention, captioned *USA v. Martinez, et al.*, on or about July 20, 2015 (the "Intervention

Complaint").

    2.    On or about February 27, 2018, the Parties (as defined in the opening paragraph

and not including defendants Eroh, Acosta, and Seier) agreed to settle all claims asserted against

them in the Civil Action pursuant to the terms set forth in the Settlement Agreement attached

hereto as Exhibit A.

    3.    Pursuant to the Settlement Agreement, the defendants agreed to entry of this

Judgment against them, jointly and severally, in the amount of $3 million dollars (three million

dollars), should the defendants fail to pay the entire Settlement Amount of $800,000 by a date

certain as set forth in the Settlement Agreement.

    4.    The defendants having failed to pay the entire Settlement Amount by the

prescribed date, Judgment is hereby entered against them jointly and severally in the amount of

$3 million dollars.

5.      All terms of the Settlement Agreement are to remain in effect, notwithstanding entry of this Judgment.

6.      The defendants consent to the entry of this Judgment against them, jointly and severally, and in favor of the United States and the State of North Carolina, in the amount of $3 million dollars.

7.      This Judgment may not be avoided pursuant to 11 U.S.C. § 547.

8.      This Judgment is non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 1141(d)(6)(A), regardless of whether or not the United States and/or the State of North Carolina timely files an adversary complaint to establish a claim under 11 U.S.C. § 523(c)(1).

9.      Any claims, actions, or proceedings brought by the United States and/or the State of North Carolina to collect this Judgment are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a)

10.     The United States and/or the State of North Carolina agree to pay to the Relator 25 percent of any portion of the $3 million dollars that it or they collect from the defendants pursuant to this Judgment.

11.     This Court will retain jurisdiction over this matter until such time as the Judgment is satisfied in full.

WILLIAM M. McSWAIN
United States Attorney

JUDITH A. AMOROSA
VIVECA D. PARKER
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Ph: (215) 861-8869
*Attorneys for the United States of America*

ECKERT SEAMANS CHERIN & MELLOTT, LLC

David M. Laigaie, Esquire
Joshua D. Hill, Esquire
Two Liberty Place
50 S. 16th Streeet, 22nd Floor
Philadelphia, PA 19102
Tele: (215) 851-8400
*Attorneys for Defendants Carolina Community
Mental Health Centers, Inc., Northeast
Community Mental Health Center, Inc., Lehigh
Valley Community Mental Health Center, Inc.,
Melissa Chlebowski, and MCM Bethlehem
Property, LLC*

STATE OF NORTH CAROLINA

CHARLES H. HOBGOOD
Special Deputy Attorney General
Director, North Carolina Medicaid
Investigations Division
MICHAEL M. BERGER
Asst. Attorney General
North Carolina Department of Justice
Medicaid Investigations Division
5505 Creedmoor Road, Ste. 300
Raleigh, NC 27612
Telephone: (919) 881-2375
*Attorneys for the State of North Carolina*

PASHMAN STEIN P.C.

Aidan P. O'Connor, Esquire
Jonathan Bauer, Esquire
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: 201-488-8200
*Attorneys for Defendants Melchor Martinez and
MM Consultants, LLC*

CAPOZZI ADLER, P.C.

Bruce G. Baron, Esquire
2933 North Front Street
Harrisburg, PA 17110-1250
Tele: (717) 233-4101
*Attorneys for Relator Karen Smith*

Defendant Melchor Martinez
On behalf of himself and defendant
MM Consultants

Relator Karen Smith

Defendant Melissa Chlebowski
On behalf of herself and defendants Northeast
Community Mental Health Centers, Lehigh
Valley Community Mental Health Centers,
Carolina Community Mental Health Centers,
and MCM Bethlehem Properties

4

LOUIS D. LAPPEN
United States Attorney

ECKERT SEAMANS CHERIN & MELLOTT, LLC

---

JUDITH A. AMOROSA
VIVECA D. PARKER
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Ph: (215) 861-8869
*Attorneys for the United States of America*

---

David M. Laigaie, Esquire
Joshua D. Hill, Esquire
Two Liberty Place
50 S. 16th Streeet, 22nd Floor
Philadelphia, PA 19102
Tele: (215) 851-8400
*Attorneys for Defendants Carolina Community
Mental Health Centers, Inc., Northeast
Community Mental Health Center, Inc., Lehigh
Valley Community Mental Health Center, Inc.,
Melissa Chlebowski, and MCM Bethlehem
Property, LLC*

STATE OF NORTH CAROLINA

PASHMAN STEIN P.C.

*Charles H. Hobgood*

---

CHARLES H. HOBGOOD
Special Deputy Attorney General
Director, North Carolina Medicaid
Investigations Division
MICHAEL M. BERGER
Asst. Attorney General
North Carolina Department of Justice
Medicaid Investigations Division
5505 Creedmoor Road, Ste. 300
Raleigh, NC 27612
Telephone: (919) 881-2375
*Attorneys for the State of North Carolina*

---

Aidan P. O'Connor, Esquire
Jonathan Bauer, Esquire
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: 201-488-8200
*Attorneys for Defendants Melchor Martinez and
MM Consultants, LLC*

CAPOZZI ADLER, P.C.

---

Bruce G. Baron, Esquire
P.O. Box 5866
Harrisburg, PA 17110
Tele: (717) 233-4101
*Attorneys for Relator Karen Smith*

---

Defendant Melchor Martinez
On behalf of himself and defendant
MM Consultants

---

Relator Karen Smith

---

Defendant Melissa Chlebowski
On behalf of herself and defendants Northeast
Community Mental Health Centers, Lehigh
Valley Community Mental Health Centers,
Carolina Community Mental Health Centers,
and MCM Bethlehem Properties

WILLIAM M. McSWAIN
United States Attorney

JUDITH A. AMOROSA
VIVECA D. PARKER
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Ph: (215) 861-8869
*Attorneys for the United States of America*

STATE OF NORTH CAROLINA

CHARLES H. HOBGOOD
Special Deputy Attorney General
Director, North Carolina Medicaid
Investigations Division
MICHAEL M. BERGER
Asst. Attorney General
North Carolina Department of Justice
Medicaid Investigations Division
5505 Creedmoor Road, Ste. 300
Raleigh, NC 27612
Telephone: (919) 881-2375
*Attorneys for the State of North Carolina*

CAPOZZI ADLER, P.C.

Bruce G. Baron, Esquire
2933 North Front Street
Harrisburg, PA 17110-1250
Tele: (717) 233-4101
*Attorneys for Relator Karen Smith*

Relator Karen Smith

ECKERT SEAMANS CHERIN & MELLOTT, LLC

David M. Laigaie, Esquire
Joshua D. Hill, Esquire
Two Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
Tele: (215) 851-8400
*Attorneys for Defendants Carolina Community
Mental Health Centers, Inc., Northeast
Community Mental Health Center, Inc., Lehigh
Valley Community Mental Health Center, Inc.,
Melissa Chlebowski, and MCM Bethlehem
Property, LLC*

PASHMAN STEIN P.C.

Aidan P. O'Connor, Esquire
Jonathan Bauer, Esquire
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: 201-488-8200
*Attorneys for Defendants Melchor Martinez and
MM Consultants, LLC*

Defendant Melchor Martinez
On behalf of himself and defendant
MM Consultants

Defendant Melissa Chlebowski
On behalf of herself and defendants Northeast
Community Mental Health Centers, Lehigh
Valley Community Mental Health Centers,
Carolina Community Mental Health Centers,
and MCM Bethlehem Properties

4

The foregoing Stipulation and Order of Judgment on Consent is hereby APPROVED

AND SO ORDERED on this ___23rd___ day of ___October___, ___2018___.

BY THE COURT:

___/s/ Jeffrey L. Schmehl___

*Judge, United States District Court*

5

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) and the North Carolina Office of the Attorney General (collectively the "Government"); defendants Melchor Martinez, Melissa Chlebowski, Lehigh Valley Community Mental Health Centers, Inc. ("Lehigh Valley"), Northeast Community Mental Health Centers, Inc. ("Northeast"), Carolina Community Mental Health Centers, Inc. ("Carolina"), MM Consultants, LLC ("MM Consultants"), and MCM Bethlehem Properties, LLC ("MCM Bethlehem") (collectively, "the defendants"); and the Relator Karen Smith (hereafter collectively referred to as "the Parties"), through their authorized representatives.

### RECITALS

A.     On or about April 20, 2011, the Relator filed a qui tam action in the United States District Court for the Eastern District of Pennsylvania captioned *USA and State of NC, ex rel. Smith v. Carolina Community Mental Health Centers, et al.*, Civil Action No. 11-2756, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). The United States intervened in the Civil Action and filed the United States' Complaint in Intervention, captioned *USA v. Martinez, et al.*, on or about July 20, 2015 (the "Intervention Complaint").

B.     The Government contends that the defendants submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare") and the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid").

C.     The Government contends that it has certain civil claims against the defendants, as set forth in the Civil Action: arising from (1) the defendant Melchor Martinez's undisclosed management of the defendants Northeast, Lehigh Valley, and Carolina (collectively, "the clinic defendants"), in violation of his exclusion from federal health care programs; (2) the clinic defendants' use of unqualified and/or unsupervised mental health therapists; and (3) the submission and payment of Medicaid claims for medication management visits of extremely short duration. That conduct is referred to below as the "Covered Conduct."

D.     The Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees, and costs.

E.     This Settlement Agreement is neither an admission of liability by the defendants nor a concession by the Government that its claims are not well founded.

F.     This Settlement Agreement extinguishes all claims raised in the Civil Action against the defendants to this Settlement Agreement only. This Settlement Agreement does not extinguish any claim not raised in the Civil Action. This Settlement Agreement does not extinguish any claim against others who are not a party to this Settlement Agreement, including the defendants Patricia Eroh, Jorge Acosta, and Nancy Seier, who are not a party to this Settlement Agreement.

G.     To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of all claims asserted against the defendants in the Civil Action, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

2

## TERMS AND CONDITIONS

1.      The defendants shall pay to the Government $800,000 ("Settlement Amount"), all of which is restitution, no later than September 27, 2018, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania.  Each defendant shall be jointly and severally liable for the entire Settlement Amount.

2.      If the defendants fail to pay the Settlement Amount in its entirety on or before September 27, 2018, the Government may file with the Court the attached Stipulation & Order of Judgment on Consent ("Consent Judgment") against the defendants, jointly and severally, in the amount of $3 million dollars (Three Million Dollars).  The Government agrees to notify the defendants in writing provided to their counsel via electronic mail two weeks prior to filing the Consent Judgment with the Court that the Government intends to file the Consent Judgment if the defendants fail to pay the Settlement Amount in its entirety within two weeks of the transmission of such notice.

3.      If at the conclusion of the two week notice period the defendants have not paid the entire Settlement Amount to the Government, the Government may file with the Court the Consent Judgment at any time, without providing any further notice to the defendants.

4.      The defendants agree that they will not contest or oppose the entry of the Consent Judgment.

5.      Pursuant to 31 U.S.C. § 3730(d), the Government agrees to pay to the Relator, by electronic funds transfer, 25 percent of the Settlement Amount as soon as feasible after receipt.

6.      If the Consent Judgment is entered, the Government shall pay 25 percent of the proceeds of any funds collected on the Consent Judgment to the Relator, pursuant to 31 U.S.C. § 3730(d).

3

7.      Subject to the exceptions in Paragraph 9 below, and conditioned upon the defendants' full payment of the Settlement Amount or entry of the Consent Judgment, the Government releases the defendants who are signatories to this Settlement Agreement (including, for the entity defendants Northeast, Lehigh Valley, Carolina, MM Consultants, and MCM Bethlehem, its current and/or former owners and employees) from any civil or administrative monetary claim the Government has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; and the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812.

8.      Subject to the exceptions in Paragraph 9 below, and conditioned upon the defendants' full payment of the Settlement Amount or entry of the Consent Judgment, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases the defendants from any civil monetary claim the relator has on behalf of the Government for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

9.      Notwithstanding the release given in paragraphs 8 and 9 of this Settlement Agreement, or any other term of this Settlement Agreement, the following claims of the Government are specifically reserved and are not released:

a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Settlement Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

d.      Any liability to the Government (or its agencies) for any conduct other than the Covered Conduct;

e.      Any liability based upon obligations created by this Settlement Agreement;

4

     f.    Any liability of any person other than the defendants as defined in the opening paragraph of this Settlement Agreement;

    10.    Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Settlement Agreement but agree and confirm that this Settlement Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in Paragraphs 5 and 6 above, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the Government, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

    11.    Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases the defendants, and its officers, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs.

    12.    In compromise and settlement of the rights of OIG-HHS to exercise its authority to exclude pursuant to 42 U.S.C. § 1320a-7(b)(7), defendant Melissa Chlebowski agrees to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for a period of 5 years. The exclusion shall be effective six months from March 27, 2018.

    13.    In compromise and settlement of the rights of OIG-HHS to exercise its authority to exclude pursuant to 42 U.S.C. § 1320a-7(b)(7), defendants Northeast Community Mental Health Centers, Inc., Lehigh Valley Community Mental Health Centers, Inc., and Carolina Community Mental Health Centers, Inc. (collectively, "the clinics"), agree to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as

defined in 42 U.S.C. § 1320a-7b(f), for a period of 5 years. The exclusion shall be effective six months from March 27, 2018.

14.     In compromise and settlement of the rights of OIG-HHS to exercise its authority to exclude pursuant to 42 U.S.C. § 1320a-7(b)(7), defendant Melchor Martinez agrees to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for a period of 10 years. Defendant Melchor Martinez is presently excluded. The additional 10-year exclusion shall be effective six months from March 27, 2018.

15.     The exclusions set forth above shall have national effect. Federal health care programs shall not pay anyone for items or services, including administrative and management services, furnished, ordered, or prescribed by Melchor Martinez, Melissa Chlebowski, or the clinics in any capacity while they are excluded. This payment prohibition applies to Martinez, Chlebowski, the clinics, and all other individuals and entities (including, for example, anyone who employs or contracts with them, and any provider where they provide services). The exclusion applies regardless of who submits the claim or other request for payment. Violation of the conditions of the exclusion may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. Martinez, Chlebowski, and the clinics further agree to hold the Federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusion. Martinez, Chlebowski and the clinics waive any further notice of the exclusion and agree not to contest such exclusion either administratively or in any state or federal court.

6

16.     Reinstatement to program participation is not automatic. If Martinez, Chlebowski or the clinics wish to be reinstated, each must submit a written request for reinstatement to the OIG in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Such request may be made to the OIG no earlier than 120 days prior to the expiration of the 5-year or 10-year period of exclusion. Reinstatement becomes effective upon application, approval of the application by the OIG, and notice of reinstatement by the OIG. Obtaining another license, moving to another state, or obtaining a provider number from a Medicare contractor, a state agency, or a Federal health care program does not reinstate Martinez's, Chlebowski's, or the clinics' eligibility to participate in these programs.

17.     The defendants waive and shall not assert any defenses the defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Settlement Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Settlement Agreement constitutes an agreement by the Government concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

18.     Defendants fully and finally release the Government, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the Government, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the Government's investigation and prosecution thereof.

7

19.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer; and the defendants agree not to resubmit to any Medicare contractor or any state payer any previously denied claims, agree not to appeal any such denials of claims, agree to withdraw any such pending appeals, and agree not to seek payment of any suspended or withheld Medicaid payments, if any. Notwithstanding this provision, any amounts collected by way of Medicare payment suspension from February 27, 2018, until the defendants pay the entire Settlement Amount may be applied as a set-off to the Settlement Amount, up to $75,000.

20.     Until such time as the defendants pay to the Government the entire Settlement Amount of $800,000, the defendants agree not to sell, transfer, dispose of or place any encumbrance upon any real property they own, including all properties identified in their financial disclosures, without seeking and obtaining permission from the Court. Excepted from this provision are the three parcels located at 910 East 4th Street, Bethlehem; 3801-3805 North 5th Street, Philadelphia; and 2935-2937 N. 5th Street, Philadelphia, which defendants intend to sell to obtain funds to pay the Settlement Amount.

21.     Defendants agree to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of the defendants, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Settlement Agreement;

8

      (2)     the Government's audit(s) and civil investigation(s) of the matters covered by this Settlement Agreement;

      (3)     The defendants' investigation, defense, and corrective actions undertaken in response to the Government's audit(s) and civil investigation(s) in connection with the matters covered by this Settlement Agreement (including attorney's fees);

      (4)     the negotiation and performance of this; and

      (5)     the payment the defendants make to the Government pursuant to this Settlement Agreement;

are unallowable costs for government contracting purposes and under the Medicare Program, and Medicaid Program (hereinafter referred to as Unallowable Costs).

      b.     Future Treatment of Unallowable Costs:  Unallowable Costs shall be separately determined and accounted for by the defendants and the defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the Government or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by the defendants or any of its subsidiaries or affiliates to the Medicare or Medicaid Programs.

      c.     Treatment of Unallowable Costs Previously Submitted for Payment: the defendants further agrees that within 90 days of this Settlement Agreement being fully executed, they shall identify to applicable Medicare fiscal intermediaries, carriers, and/or contractors, and Medicaid fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the Government, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by the defendants or any of its subsidiaries or affiliates, and

9

shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. The defendants agree that the Government, at a minimum, shall be entitled to recoup from the defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the Government pursuant to the direction of the Department of Justice and/or the affected agencies. The Government reserves its rights to disagree with any calculations submitted by the defendants or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on the defendants or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

           d.      Nothing in this Settlement Agreement shall constitute a waiver of the rights of the Government to audit, examine, or re-examine the defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

22.      This Settlement Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 23 (waiver for beneficiaries paragraph), below.

23.      The defendants agree that they waive and shall not seek payment for any of the health care billings from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors for any services rendered to Medicare, Medicaid, or other program beneficiary.

24.    Upon receipt of payment of the Settlement Amount of $800,000 described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the defendants who are signatories to this Settlement Agreement.

25.    In the event that the defendants fail to pay the entire Settlement Amount within the time prescribed in Paragraph 2, above, the Parties agree that the Court will retain jurisdiction of the $3 million dollar Consent Judgment to be entered against the defendants.

26.    The parties shall bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Settlement Agreement.

27.    Each party and signatory to this Settlement Agreement represents that it freely and voluntarily enters in to this Settlement Agreement without any degree of duress or compulsion.

28.    This Settlement Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the United States District Court for the Eastern District of Pennsylvania. For purposes of construing this Settlement Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

29.    This Settlement Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

30.    The undersigned counsel represent and warrant that they are fully authorized to execute this Settlement Agreement on behalf of the persons and entities indicated below.

31.    This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

11

32.     This Settlement Agreement is binding on the defendants' successors, transferees, heirs, and assigns.

33.     All parties consent to the Government's disclosure of this Settlement Agreement, and information about this Settlement Agreement, to the public.

34.     This Settlement Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement), except as otherwise set forth above. Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 10/12/18        BY: _____
                            WILLIAM M. McSWAIN
                            United States Attorney


DATED: _____        BY: _____
                            GREGORY B. DAVID
                            Assistant United States Attorney
                            Chief, Civil Division


DATED: _____        BY: _____
                            CHARLENE KELLER FULLMER
                            Assistant United States Attorney
                            Deputy Chief, Civil Division


DATED: 10/16/18        BY: _____
                            JUDITH A. AMOROSA
                            VIVECA D. PARKER
                            Assistant United States Attorneys


DATED: _____        BY: _____
                            LISA M. RE
                            Assistant Inspector General for Legal Affairs
                            Office of Counsel to the Inspector General
                            Office of Inspector General
                            United States Department of Health and Human Services


THE STATE OF NORTH CAROLINA


DATED: _____        BY: _____
                            CHARLES H. HOBGOOD
                            Special Deputy Attorney General
                            Director, North Carolina Medicaid Investigations Division

<u>THE UNITED STATES OF AMERICA</u>

DATED: _____        BY:    _____
                                WILLIAM M. McSWAIN
                                United States Attorney


DATED: _____        BY:    _____
                                GREGORY B. DAVID
                                Assistant United States Attorney
                                Chief, Civil Division


DATED:_____         BY:    _____
                                CHARLENE KELLER FULLMER
                                Assistant United States Attorney
                                Deputy Chief, Civil Division


DATED: _____        BY:    _____
                                JUDITH A. AMOROSA
                                VIVECA D. PARKER
                                Assistant United States Attorneys


DATED: 10/16/18         BY:    _Lisa M Re_____
                                LISA M. RE
                                Assistant Inspector General for Legal Affairs
                                Office of Counsel to the Inspector General
                                Office of Inspector General
                                United States Department of Health and Human Services


<u>THE STATE OF NORTH CAROLINA</u>

DATED:_____         BY: _____
                                CHARLES H. HOBGOOD
                                Special Deputy Attorney General
                                Director, North Carolina Medicaid Investigations Division

<u>THE UNITED STATES OF AMERICA</u>

DATED: _____        BY:   _____
                                   WILLIAM M. McSWAIN
                                   United States Attorney

DATED: _____        BY:   _____
                                   GREGORY B. DAVID
                                   Assistant United States Attorney
                                   Chief, Civil Division

DATED:_____        BY:   _____
                                   CHARLENE KELLER FULLMER
                                   Assistant United States Attorney
                                   Deputy Chief, Civil Division

DATED: _____        BY:   _____
                                   JUDITH A. AMOROSA
                                   VIVECA D. PARKER
                                   Assistant United States Attorneys

DATED: _____        BY:   _____
                                   LISA M. RE
                                   Assistant Inspector General for Legal Affairs
                                   Office of Counsel to the Inspector General
                                   Office of Inspector General
                                   United States Department of Health and Human Services

<u>THE STATE OF NORTH CAROLINA</u>

DATED: 10/8/2018        BY: *Charles H. Hobgood*
                                   CHARLES H. HOBGOOD
                                   Special Deputy Attorney General
                                   Director, North Carolina Medicaid Investigations Division

**THE RELATOR**

CAPOZZI ADLER, P.C.

DATED: 8/10/18        BY: _____

Bruce G. Baron, Esquire
2933 North Front Street
Harrisburg, PA 17110-1250
Tele: (717) 233-4101
*Attorneys for Relator Karen Smith*

DATED: 8/10/18        BY: _____

Relator Karen Smith

14

THE DEFENDANTS

ECKERT SEAMANS CHERIN & MELLOTT, LLC

DATED: _10/2/2018_

BY: _____
David M. Laigaie, Esquire
Joshua D. Hill, Esquire
Two Liberty Place
50 S. 16th Streeet, 22nd Floor
Philadelphia, PA 19102
Tele: (215) 851-8400
*Attorneys for Defendants Carolina Community Mental Health Centers, Inc., Northeast Community Mental Health Center, Inc., Lehigh Valley Community Mental Health Center, Inc., Melissa Chlebowski, and MCM Bethlehem Property, LLC*

PASHMAN STEIN WALDER HAYDEN, P.C.

DATED: _10/2/18_

BY: _____
Aidan P. O'Connor, Esquire
Jonathan Bauer, Esquire
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054
Phone: 201-488-8200
*Attorneys for Defendants Melchor Martinez and MM Consultants, LLC*

DATED: _10/1/2018_

BY: _____
Defendant Melchor Martinez
On behalf of himself and defendant
MM Consultants

DATED: _16/1/2018_

BY: _____
Defendant Melissa Chlebowski
On behalf of herself and defendants Northeast
Community Mental Health Centers, Lehigh Valley
Community Mental Health Centers, Carolina
Community Mental Health Centers, and MCM
Bethlehem Properties